No. 2,182.

L. D. CRUESS, APPELLANT, v. JOHN FESSLER et al., RESPONDENTS.

PRACTICE.—FINDING.—When the Court fails to have its finding of fact reduced to writing, after a request to do so by a party to the action, entered in the minutes of the Court, the judgment will be reversed on appeal.

CONTRACT OF SALE.—GOOD-WILL OF BUSINESS.—The good-will of a business may be valuable and form the subject-matter, in whole or in part, of a contract of sale.

REPRESENTATIONS.—VALUE OF BUSINESS AND GOOD-WILL.—A representation of the value of a business and good-will is a material representation.

IDEM.—FRAUD.—RESCISSION OF A CONTRACT.—A misrepresentation of the value of a business and good-will knowingly made by the vendors—the purchaser being ignorant of the true value—is fraudulent, and entitles the purchaser to a rescission of the whole contract, when it is an entire contract and the fraud affects a material part of the consideration.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

This is an action to rescind a contract for the purchase of a one third interest in a meat market and to recover of the defendants the amount of the purchase money paid, and funds advanced by the plaintiff on account of said contract, on the ground of false and fraudulent representation as to the true value of said interest and of the profits and good-will of the business made by the vendors at the time of entering into such contract.

The other facts are stated in the opinion.

Thos. H. Brents, for Appellant.

Enough appears upon the record to stamp the transaction as a *fraud*, against which it is the province of Courts to render relief, and to show beyond question that the Court
(T.)

below has misconceived the law in coming to a different conclusion.

Lord Chancellor Thurlow, in *Neville* v. *Wilkinson* (1 Bro. Ch. 546, says): "If a man, upon a treaty for any contract, will make a false representation, by means of which he puts the party bargaining under a mistake upon the terms of the bargain, it is a *fraud*."

The same doctrine is recognized in clear terms by Chief Justice Tindal in *Flight* v. *Booth* (1 Bing. N. C. 377); 2 Am. L. Cas. 184 (6th Am. Ed.)

Such, also, was the view of Lord Eldon in *Edwards* v. *McLeay* (2 Swanst. 289), so strongly indorsed by Lords Lyndhurst and Brougham in the great case of *Attwood* v. *Small* (6 Clark & Fin. 395, 444.)    (*Alvarez* v. *Brannan*, 7 Cal. 508–10 ; *Daniel* v. *Mitchell*, 1 Story, 189–90 ; *Bench* v. *Seldon*, 14 Barb. 75 ; Story on Sales, Sec. 165; Story on Contracts, Sec. 506.)

No brief on file for respondents.

RHODES, C. J., delivered the opinion of the Court:

At the time of the trial, the plaintiff requested the Court to render its finding of fact in writing, and the request was duly entered in the minutes of the Court; but the Court disregarded such request, and rendered its findings orally. For this error the plaintiff is entitled to have the judgment reversed.    (Practice Act, Sec. 180.)

The Court, in its oral findings, which are set out in the statement on appeal, finds all the material facts for the plaintiff, and also finds that "the value of the said share of the stock and fixtures is not proven." The Court found, as a conclusion of law, that in the absence of proof that the value of the share of the stock and fixtures purchased by the plaintiff was less than the amount paid by him on account of the sale, there could be no fraud as against the plaintiff, and he was not entitled to rescind the sale. This conclusion is, in our judgment, untenable.

It will not be doubted that the good-will of any business may be valuable, and that it may form the subject-matter, in whole or in part, of a contract of sale ; that a representation of the value of such business and good-will is a material representation, and that a misrepresentation of such value knowingly made by the vendors—the purchaser being ignorant of the true value—is a fraud upon the purchaser. The Court found that the defendants represented that their business was profitable; that they knew that it was not profitable ; and that the plaintiff was wholly ignorant of the truth of the matter. The law pronounces such misrepresentations fraudulent, and authorizes the purchaser to rescind the whole contract, when the contract is, as in this case, an entire contract, and where the fraud affects a material part of the consideration moving from the vendors. It is of no moment, in view of this rule, what is the relative value of the stock and fixtures and of the business and good-will ; for if the value of the stock and fixtures equals or exceeds the purchase money, the plaintiff is also entitled to the benefit of the business and good-will for which he contracted. The defendants cannot avoid the consequences of their fraudulent misrepresentations, by saying to the plaintiff, the portion of the property which you received from us, is worth more than the price you paid for all of the property for which you contracted.

Judgment reversed and cause remanded, with directions to the Court below to render judgment for the plaintiff for $1,225 and interest thereon from the 18th of September, 1868.