[No. 15787.  Department Two.—April 2, 1895.]

## LAZARD LION, Respondent, *v.* HENRY McCLORY, Appellant.

Vendor and Purchaser—Rescission of Sale of Land—Misrepresentation as to Value—Matter of Opinion.—Where a purchaser has resided for many years in the vicinity of a tract of land purchased, and is well acquainted with the same, and might easily have ascertained the market value of the land, a misrepresentation as to the value of the land by a real estate agent effecting the sale of the land for the vendor is a mere expression of opinion, upon which the purchaser has no right to rely.

Id.—Inexcusable Delay.—Where the purchaser waited for more than two years to see if his speculation would turn out successfully before he made any sign of dissatisfaction it is too late for him to rescind the purchase for misrepresentation as to the value of the land.

Id.—Immaterial Omission in Findings.—An omission to find upon an immaterial averment of a cross-complaint, which, if true, would, under the circumstances, make no difference in the result, is not ground for reversal of the judgment.

Appeal from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*William P. Veuve*, for Appellant.

Upon the findings the decree should have been for the defendant as prayed for, as the misrepresentations as to value constituted actual fraud. (*Cruess* v. *Fessler*, 39 Cal. 336; *Bank of Woodland* v. *Hiatt*, 58 Cal. 234; *Loaiza* v. *Superior Court*, 85 Cal. 11; 20 Am. St. Rep. 197; *Gifford* v. *Carvill*, 29 Cal. 589.) The fact that the false representations were made by the real estate agent, and not by the defendant directly, is immaterial, as, by the subsequent ratification of the agent's contract by the defendant, the latter became liable for all the acts of such agent. (Civ. Code, secs. 2307, 2338; Story on Agency, sec. 452.) The defendant cannot retain the benefit derived from the fraudulent conduct of his agent without being charged with the instrumentalities employed to accomplish the purpose, whether he knew of

them or not. (*Leavitt* v. *Sizer*, 35 Neb. 80; *Gunther* v. *Ullrich*, 82 Wis. 222; 33 Am. St. Rep. 32.) If a party adopts the contract of a self-constituted agent he is liable for the frauds and misrepresentations of the agent committed while acting within the scope of the real or assumed authority. (*Busch* v. *Wilcox*, 82 Mich. 336; 21 Am. St. Rep. 563; *Johnston Harvester Co.* v. *Miller*, 72 Mich. 265; 16 Am. St. Rep. 536; *Eastman* v. *Provident etc. Relief Assn.*, 65 N. H. 176; 23 Am. St. Rep. 29, and note; *Gunther* v. *Ullrich, supra.*) The evidence shows beyond doubt that defendant was deceived; and plaintiff has adopted the sale made by the deception, and received the benefit of it. Under such circumstances he takes the sale with all its burdens. (*Riser* v. *Walton*, 78 Cal. 490.) A party will not be permitted to adopt that part of a contract made by his agent which is beneficial to him and reject the remainder. He must adopt his acts as a whole. (*Esterly Harvesting etc. Co.* v. *Frolkey*, 34 Neb. 110; *Smith* v. *Smith*, 80 Cal. 326.)

*Jackson Hatch*, and *E. M. Rosenthal*, for Respondent.

The evidence does not show any such fraudulent representations as would warrant the rescission of the contract. (*Southern Development Co.* v. *Silva*, 125 U. S. 247; *Atlantic Delaine Co.* v. *James*, 94 U. S. 207; *Farrar* v. *Churchill*, 135 U. S. 609; *Jendwine* v. *Slade*, 2 Esp. 572; *Fisher* v. *Mellen*, 103 Mass. 503; *Cabot* v. *Christie*, 42 Vt. 126; 1 Am. Rep. 313; *Dambmann* v. *Schulting*, 75 N. Y. 55; *Commissioners* v. *Younger*, 29 Cal. 176; Kerr on Fraud and Mistake, 73, 77, 82, 83; *Bell* v. *Byerson*, 11 Iowa, 233; 77 Am. Dec. 142; *White* v. *Seaver*, 25 Barb. 235; *Marvin* v. *Bennett*, 26 Wend. 169; 8 Paige, 312; *Northrop* v. *Sumney*, 27 Barb. 196; *Morris Canal Co.* v. *Emmett*, 9 Paige, 168; 37 Am. Dec. 388; Story's Equity Jurisprudence, sec. 200.) Even if the plaintiff had been entitled to relief under the circumstances he has waived his right thereto by keeping possession of the property, treating it as his own, offering it for sale, and other similar acts. (Kerr on Fraud and Mistake, 299; *Ormes*

v. *Beabel,* 2 De Gex, F. & J. 336; *Fratt* v. *Fiske,* 17 Cal. 380; *Dill* v. *Camp,* 22 Ala. 249; *Taymon* v. *Mitchell,* 1 Md. Ch. 496; *Clements* v. *Smith,* 9 Gill, 156; *McCulloch* v. *Scott,* 13 B. Mon. 172.) The long delay in seeking a rescission of the contract is fatal to a rescission. (See *Burkle* v. *Levy,* 70 Cal. 250; *Williams* v. *Mitchell,* 87 Cal. 532; *Bailey* v. *Fox,* 78 Cal. 396; *Gamble* v. *Tripp,* 99 Cal. 223; Civ. Code, secs. 1689, 1691.)

McFarland, J.—This is an action to foreclose a mortgage executed by defendant to plaintiff to secure purchase money of the mortgaged premises, which had been sold and conveyed by the latter to the former. The defendant, in a cross-complaint, set up that he had been induced to purchase the premises by certain false and fraudulent representations concerning the same made by the plaintiff, and prayed that the sale be rescinded, and that the mortgage, as well as a certain cash payment, be delivered up and restored to said defendant. The court rendered judgment for plaintiff, foreclosing the mortgage and denying the prayer of the cross-complaint. Defendant appeals from the judgment.

The appeal is based entirely upon the judgment-roll, which includes findings, and we see nothing on the face of the record to warrant a reversal. The findings negative some of the averments of the cross-complaint; but appellant contends that upon the facts found the judgment should have been for the defendant. The facts found are briefly these: Respondent never made any representations of any kind to appellant; but, in the spring of 1891, an enterprising real estate agent, without any authority from respondent, who was the owner of the land, and without the knowledge of respondent, commenced negotiating with appellant for the sale of said land to the latter. He (the agent) represented to appellant that the land "was worth sixteen or seventeen thousand dollars"; and he, at the time he made the representation, believed that it was worth that amount "for the purpose of subdivision into lots." The appel-

lant believed said representation and relied thereon in
making the purchase. On April 10th a written receipt
was signed which showed that appellant was to purchase
the land for thirteen thousand five hundred dollars—
three thousand dollars to be paid in cash, and two notes
for five thousand two hundred and fifty dollars each to
be given and secured by mortgage. This receipt was
shown to respondent on said April 10th—who before
that had known nothing of the matter—and he wrote
on it "I approve this sale."

The transaction was not completed until June 2, 1891,
when appellant paid respondent three thousand dollars,
and executed the said two notes and mortgage—upon
which this action was brought. It is found that on
June 2, 1891, "the actual market value" of the said land
was eight thousand one hundred and eighty-eight dol-
lars and eighty-three cents. At that time the appellant
resided, and for many years prior thereto had resided,
"within one-third of a mile of said land," and was "well
acquainted with the same," and "might easily" have
"ascertained the true market value of said land." On
said June 2, 1891, the appellant "entered upon said
land, and has remained in possession ever since, col-
lecting the issues, rents, and profits thereof, and ap-
plying them to his own use"; and at no time until
after the commencement of this action, which was
August 25, 1893, more than two years afterwards, did
appellant make known to respondent any objection
to said purchase, or to the price, or "any objection
connected with or arising out of said purchase." Re-
spondent knew nothing of the representations made
by said real estate agent, although it is found that he
knew "the actual market value of said land." The ap-
pellant, immediately after he took possession on June 2,
1891, employed said real estate agent to sell said land,
who kept the same exposed for sale for two years and
until his death, which occurred just before the com-
mencement of this action. When the action was com-

menced the appellant for the first time undertook to repudiate the purchase and to demand a rescission.

Upon these findings judgment was properly rendered for respondent. Conceding that respondent was responsible for the representations of the agent who had acted without his authority or knowledge, still the case is barren of any right of appellant to repudiate the purchase after the commencement of the suit. The representation as to the value of the land was clearly a mere expression of opinion upon which appellant had no business to rely. The representation was not of the value of land in Texas, or some other remote place. The land was right under appellant's nose; he had known it for years, and had as good opportunity as the agent to form an opinion of its character and value; and to set aside a sale of land because the vendor or the real estate agent who sold it had exaggerated its value would be to invalidate nearly every sale which a real estate agent ever made. Moreover, the appellant waited for more than two years to see if his speculation would turn out successfully before he made any sign of dissatisfaction; and this he could not do.

The court found that there was no misrepresentation as to the quantity of the land.

Appellant contends for a reversal because there is no finding as to the averment of the cross-complaint that the agent falsely represented "that plaintiff's sons did not wish plaintiff to sell the same because they desired to build homes for themselves thereon." Whether this omission was from inadvertence, or from a belief of the court that the averment was immaterial, does not appear. It was clearly of no consequence; and a finding that the averment was true would, under the circumstances, have made no difference in the result.

The judgment is affirmed.

HENSHAW, J., and TEMPLE, J., concurred.