[L. A. No. 2551. Department Two.—January 6, 1911.]

## JOHN W. CRAIG, Appellant, v. R. D. WADE et al., Respondents.

CORPORATION—VALUE OF OIL WELLS—MISREPRESENTATION OF VALUE—EXPRESSION OF OPINION—LIABILITY OF CORPORATE OFFICERS.—A valuation placed upon flowing oil wells in a financial report issued by the officers of a corporation engaged in the business of producing oil, must necessarily be a mere matter of opinion, and not a representation of fact, and the falsity of such valuation cannot be made the basis of an action under section 316 of the Civil Code.

ID.—MISREPRESENTATION OF VALUE MAY BE ONE OF FACT.—Under certain circumstances a misrepresentation of value may be a misrepresentation of fact, but the general rule is that a representation of value is a mere expression of opinion.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. P. James, Judge.

The facts are stated in the opinion of the court.

H. T. Morrow, for Appellant.

G. P. Adams, for Respondents.

HENSHAW, J.—Appellant's action is founded on section 316 of the Civil Code of California, which provides as follows:—

"Any officer of a corporation who willfully gives a certificate, or willfully makes an official report, public notice, or entry in any of the records or books of the corporation, concerning the corporation or its business, which is false in any material representation, shall be liable for all the damages resulting therefrom to any person injured thereby, and if two or more officers unite or participate in the commission of any of the acts herein designated, they shall be jointly and severally liable."

He charged that respondents, as officers and directors of the Oceanic Oil Company, a corporation, made an official report and public notice concerning the corporation and its business which contained the following false and untrue representations:—

"Value of wells, 31, at $1,500.................46,500."

He avers that relying on the truth of this report he purchased twenty thousand shares of the capital stock of the Oceanic Oil Company for which he exchanged property of the value of eight thousand dollars; that the stock at the time of the purchase was worth three hundred dollars, and no more, and he seeks a judgment for seventy-seven hundred dollars as damages. A general demurrer to the complaint was sustained and plaintiff declining to amend, judgment was entered accordingly, and from this judgment plaintiff appeals.

His contention is that upon the authority of such cases as *Woodland* v. *Hiatt,* 58 Cal. 234; *Cruess* v. *Fessler,* 39 Cal. 338, and *Loaiza* v. *Superior Court,* 85 Cal. 11, [20 Am. St. Rep. 197, 9 L. R. A. 376, 24 Pac. 707], a knowing misrepresentation of value is the misrepresentation of a fact within the meaning of section 316 of the Civil Code. To this answer is made by the respondent that under certain circumstances a misrepresentation of value may be a misrepresentation of fact, but that the general rule is that a representation of value is an expression of opinion and that under the circumstances here presented it cannot be construed as anything other than a mere expression of opinion. We think it needs no extended discussion but a mere presentation of the facts to show that respondent's position in this matter is impregnable. The circular in question was one addressed to the stockholders explaining the necessity of an assessment. It gave in itemized form the receipts and expenditures of the

corporation for the current year and then proceeded to itemize the assets of the corporation as follows:—

"Number of producing wells owned by the
      company ........................     31
Production in 1904, gross barrels....... 34,636
Average monthly product (in full opera-
      tion) gross barrels ..................  4,000
Amount of oil on hand................  7,438
Number of pumping plants(complete)..      5
Value of pumping plants.............  3,000
Value of wells, 31, at $1,500 ........... 46,500
Value of tools, supplies, etc............  3,000
Value of real estate (town lots)......... 12,000
      By order of the board of directors,
                          CHAS. F. BICKNELL, *Sec'y.*"

One of these items, that setting forth the value of the wells, is the one, and the only one, which the plaintiff selects and charges to have been willfully and falsely made. There may be property of such a character that its value can be correctly estimated and declared. Such, for example, would be the value of the oil on hand at the wells, but on the contrary, property such as an oil well itself is always of such uncertain value as to make an expression of its worth in terms of money necessarily a matter of opinion. Twenty thousand dollars may have been expended in sinking a well which has not yet reached oil sands, and which may never reach them. To a sanguine man in the expectation of soon striking oil, the well may have a value of many hundreds of thousands of dollars. To the pessimistic man, who believes oil will never be struck, the twenty thousand dollars expended is money lost, and the well is valueless. So, too, if oil be in fact found, the duration of its flow is entirely uncertain and the flow itself may increase or decrease without apparent reason. If the well yields one hundred barrels of oil to-day, it may yield a thousand barrels, or none at all, to-morrow. To place a value in terms of money upon such a flowing well must, therefore, itself, of necessity be a matter of opinion merely, since it is not within human knowledge to foresee the contingencies which may result in greatly enhancing or utterly destroying its output. No such expression of value, which is inevitably but the statement of a mere opinion, is contemplated by the

statute which denounces the falsification of facts, wherefore, the judgment appealed from is affirmed.

Melvin, J., and Lorigan, J., concurred.