[Crim. No. 268.   Second Appellate District.—May 6, 1913.]

## THE PEOPLE, Respondent, v. JOHN J. KENNEDY, Appellant.

CRIMINAL LAW—FISHING WITH SET LINE—INFORMATION.—Under section 636 of the Penal Code, providing that any person who shall either set or use a set line or fixed contrivance for catching fish shall be guilty of a misdemeanor, an information which charges the defendant with both having set and used a set line, is not insufficient as alleging two offenses.

ID.—CHARGING ACCUSED WITH ONE OR SEVERAL ACTS DESCRIBED BY STATUTE.—Under a statute which describes several acts, the doing of any or all of which shall constitute a crime, a defendant may be charged either with the doing of the single act so described, or by the doing of all of them.

ID.—ALLEGING PLACE OF COMMISSION OF OFFENSE—PUNCTUATION.—An information alleging the commission of an offense on a specified day "and before the filing of this information at the county and state aforesaid," is not insufficient, because of the omission of a comma after the word "information," in not alleging the place of the commission of the crime.

APPEAL from a judgment of the Superior Court of Kings County and from an order refusing a new trial.   John G. Covert, Judge.

The facts are stated in the opinion of the court.

E. T. Cosper, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was convicted of a misdemeanor, the particular charge made against him being that he did on the twenty-first day of March, in the county of Kings, set and use a fixed contrivance for catching fish contrary to the provisions of section 636 of the Penal Code. The undisputed evidence showed that on the day mentioned in the information defendant was discovered by a deputy game warden taking fish from a set line which was stretched across the Kings River.   This line had attached to it numerous short

lines bearing hooks which hung from the main cord into the water of the river, and it was from the hooks on these short lines that defendant was detaching fish at the time of his arrest. He stated to the arresting officer that he had placed the line there; that he was fishing for the market, and that the only way he could catch fish was by using these lines. He made the further statement to the officer that he would break the law, as it was not right but unconstitutional. No evidence was introduced at the trial on behalf of defendant.

The points urged upon which it is claimed that a reversal of the judgment and order denying a new trial should be directed are quite technical and call for but brief consideration. Defendant first insists that, because the information charged him with both having set and used a set line, two offenses are alleged. The statute under which the prosecution was had does indeed provide that any person who shall either set or use a set line or fixed contrivance for catching fish in the waters of the state shall be guilty of a misdemeanor, punishable by a fine of not less than one hundred dollars, or imprisonment for not less than fifty days, or by both such fine and imprisonment. It has very long been settled that under a statute which describes several acts, the doing of any or all of which shall constitute a crime, a defendant may be charged either with the doing of a single act so described, or by the doing of all of them. This rule is so well settled that we need only cite one of the several decisions which affirm it. (See *People* v. *Leyshon,* 108 Cal. 440, [41 Pac. 480].) It is also contended that it was not sufficiently charged by the information that the alleged crime was committed in the county of Kings, and in support of this contention counsel for defendant relies wholly upon the omission of the district attorney to place a comma after the word ''information'' in the body of the charge. It was alleged in the information that defendant, on the twenty-first day of March ''and before the filing of this information at the county and state aforesaid, did willfully and unlawfully,'' etc. Because of the lack of a comma after the word ''information,'' it is now contended that the phrase ''at the county and state aforesaid'' should be read as referring to the place where the information was filed rather than to the place where the crime was alleged to have been committed. This contention should not be sustained as it is

very evident as to what was intended to be there charged, and the defendant could not in any wise have been misled or prejudiced by the failure of the district attorney to be more. exact in his use of punctuation marks.

The evidence was abundant to support the verdict of the jury, and the defendant appears to have been given every opportunity to defend himself against the charge and to have had a fair trial.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.