[Crim. No. 331.   Second Appellate District.—January 29, 1915.]

## THE PEOPLE, Respondent, v. JOSHUA E. YOUTZ, Appellant.

CRIMINAL LAW—FALSE STATEMENT OF FINANCIAL CONDITION OF COR-
PORATION—PUBLICATION BY CORPORATE OFFICER—VERDICT SUPPORTED
BY EVIDENCE.—Upon this prosecution of a director and officer of a
corporation for publishing and concurring in the publication of a
false financial statement as to the affairs of the corporation by over-
stating the valuation of the stock, *held,* that the conclusion of the
jury as to the exaggerated and untrue nature of the report is sus-
tained by the evidence.

ID.—EVIDENCE—VALUATION OF STOCK—STATEMENT OF FACT.—The state-
ment in such a publication as to the valuation of the stock is not
an expression of opinion, but the statement of a definite fact.

ID. — PLEADING — PUBLICATION AND CONCURRENCE IN PUBLICATION OF
FALSE FINANCIAL STATEMENT—STATEMENT OF SINGLE OFFENSE.—An
information which charges a corporate officer with not only publishing
but with concurring in the publication of a false financial state-
ment of the affairs of the corporation, is not objectionable as charg-
ing more than one offense.

ID.—EVIDENCE—PROOF OF SIMILAR ACTS.—In a prosecution for such an
offense, evidence of circular letters containing false statements as
to the affairs of the corporation furnished by the defendant to per-
sons engaged in selling stock and mailed to the stockholders of the
corporation, is admissible.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Harriman, Ryckman & Tuttle, and Henry W. Nisbet, for
Appellant.

U. S. Webb, Attorney-General, George Beebe, Deputy At-
torney-General, and Robert Mitchell, for Respondent.

JAMES, J.—Defendant has appealed from a judgment of
imprisonment entered upon his conviction of the crime de-
scribed in section 564 of the Penal Code.   Under the terms of
the section noted, directors, officers, and agents of a corpora-
tion who concur in the making, publishing, or posting of

reports or statements of the pecuniary condition of the corporation which are untrue or falsely exaggerated, are guilty of a felony. It was charged that appellant, while holding the position of director and acting vice-president of a certain corporation organized under the laws of California, published and concurred in publishing to the stockholders and other persons a financial statement as to the affairs of the corporation, which was false in a material part. The facts as exhibited by the record show that the California corporation was organized as a "holding" concern, and that simultaneously therewith a fire insurance company was organized under the laws of Arizona; that a large number of shares of stock of the California corporation were sold, the greater part of the price agreed to be paid for which, was evidenced by promissory notes given by the purchasers of the stock to the corporation. These notes and a rather insignificant amount of cash were put into the treasury of the Arizona corporation in payment for all of its capital stock, except four shares which were retained by Arizona directors for the purpose of maintaining the organization under the Arizona laws. Thereupon the insurance corporation proceeded to do business in the state of California, insuring property against loss by fire, which business was in fact handled by the holding corporation which was legally resident in the state of California. On the first day of July, 1912, as the evidence abundantly shows, appellant caused to be issued a financial statement, among the items of which was one which purported to set forth assets of the California corporation as "stocks, bonds and secured notes, $558,360.48." Further down in the statement a deduction was made of the total capital stock from the purported assets and a surplus was scheduled as being possessed by the California corporation in the sum of $220,028.78. The information charged that at the time the corporation did not own stocks, bonds, and secured notes in any sum greater than $358,360.48, and did not own or possess any surplus whatsoever of assets over liabilities. Included within the item of stocks, bonds, and secured notes was the stock of the fire insurance corporation, which had been given a value of twice its par. If the stock was worth that amount, then the statement, as a matter of exemplified bookkeeping was approximately correct. If the stock of the insurance corporation had no greater value than the par fixed per share, then the statement

was misleading to the extent that it overstated assets and surplus by the amount of two hundred thousand dollars. The entire case, therefore, turned upon the question as to what was the value of the stock of the insurance corporation at the date of the statement. It was shown in evidence that a large part of the stock of the California corporation was sold to persons who would insure their property with the Arizona concern, which insurance was written for about fifty per cent of the prevailing insurance rate. The stock of the insurance company was not upon the market, and therefore it had no sale value as ordinarily established through trade, and all of it, except the four shares mentioned, was held by the California corporation. This condition was intended to be continued, for the entire business of the California corporation was that of conducting an insurance business through the medium of the Arizona organization. A number of expert accountants testified as to the figures ascertainable from the books of the California concern and stated that the Arizona stock was carried on those books at its par value. The appellant testified that in his opinion the Arizona stock was worth twice par. The jury had before it a very complete history of both corporations as to the conduct of their business and the quantity and kind of it. The circumstances being such as to make it impossible to establish by testimony in the ordinary way the market value of the stock, it was incumbent upon the jury to arrive at such value by considering all of the various elements which would go to make up the worth of that stock. Their conclusion would depend largely upon deductions to be drawn from the figures as to the assets of the corporation, the kind and quantity of its business, the hazards entertained and the profits which had or would probably accrue. They were entitled to make their conclusion from such facts irrespective that any witness might have, as a matter of opinion, given to the Arizona stock a definite valuation of twice par. We cannot here weigh the evidence as it was the province and duty of the jury to weigh it in the face of conflict therein. And it may be added that the evidence was ample to sustain the conclusion of the jury as to appellant having made an exaggerated and untrue report of the financial condition of his corporation.

The action of the court in sustaining objections to questions asked of two witnesses who were offered by the defend-

ant to prove the value of the stock, conceding error, as claimed
by appellant, is not shown to have amounted to an abuse of
discretion on the part of the trial judge. The testimony
sought to be elicited necessarily belonged to that classed as
"expert" and was subject to the rule announced in many
cases which holds that a judgment will not be reversed unless
it clearly appears that the trial judge in making the rulings
complained of has abused the discretion committed to him.
We cite: *Howland* v. *Oakland C. St. Ry. Co.,* 110 Cal. 513,
[42 Pac. 983] ; *Mabry* v. *Randolph,* 7 Cal. App. 421, [94 Pac.
403] ; *Perry* v. *Noonan Furniture Co.,* 8 Cal. App. 35, [95
Pac. 1128] ; *Evans Ditch Co. et al.* v. *Lakeside Ditch Co. et
al.,* 13 Cal. App. 119, [108 Pac. 1027] ; *Stewart* v. *Sloss-
Sheffield Steel & Iron Co.,* 170 Ala. 544, [Ann. Cas., 1912D,
815, 54 South. 48.]

The point is urged also that conceding the statement as
issued by appellant to have been untrue in fact, the mislead-
ing portion thereof constituted only an expression of opinion
as to value and not a statement of a definite fact. To this
proposition we cannot assent. The appellant definitely
stated not only that the stocks, bonds, and secured notes
owned by his corporation had a value of $558,360.48, but
that a surplus was owned by that corporation to the amount
of $220;028.78. The value affixed was applied to that class
of property the worth of which is not generally of such a
speculative nature as to excuse a statement in appraisal
thereof as being a matter of opinion only. It was held in
the case of *Craig* v. *Wade,* 159 Cal. 172, [112 Pac. 891], that
a statement by an officer of the corporation as to the value
of oil wells amounted to but an expression of opinion, but
the argument of the opinion clearly shows that that case
involved facts and had reference to property of a character
very different from that concerned here. It is urged further
that the information was faulty in that it charged more than
one offense, to wit, that it accused appellant of not only mak-
ing but concurring in the making of statements which were un-
true and which acts would constitute separate offenses. This
contention may be answered by reference to the case of *People
v. Leyshon,* 108 Cal. 440, [41 Pac. 480], cited in *People* v.
*Kennedy,* 22 Cal. App. 29, [133 Pac. 25].

There was introduced on behalf of the prosecution certain
circular letters and statements, some of which were shown

to have been furnished to persons engaged in selling the stock of the California corporation, and others of which were mailed to the stockholders of the same organization. The statements furnished to be used in selling the stock were testified to have been furnished by the appellant, and referring to the other class of statements, appellant himself testified that they were prepared at the suggestion of the board of directors of which appellant was one, and first submitted to him as the manager of the corporation. It was proper for the prosecution in order to establish knowledge and intent on the part of appellant as to the alleged misleading statements promulgated, to show the doing of a series of such similar acts as would furnish corroborating evidence to the point just mentioned. It may be noted also that appellant throughout the trial contended that the alleged misstatements in fact represented the truth, and therefore he could not have been prejudiced by evidence showing that he had reaffirmed the same matter. The record in this case has been subjected to a close and careful scrutiny. The case presented seems to be one of those which clearly fall within the intent of the statute alleged to have been violated. No hardship is imposed upon officers of corporations who wish to express to their stockholders or others their opinion as to the value of the assets, for in such case it would be very easy to designate the several amounts indicated upon such statements as being only estimates, in which case persons receiving the statements would be put upon notice that the figures represented merely the opinion of the person who prepared them and not such a value of the property of the corporation as a market demand might establish for it. The whole case bears the impression very clearly defined that the intent of appellant was to present an exaggerated statement of facts for the purpose of enhancing the business of the corporation of which he was then manager.

No points other than those herein considered seem to be of sufficient merit as to demand that a discussion be made of them.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 25, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 29, 1915.