[Civ. No. 6772.  Second Appellate District, Division One.—October 30, 1931.]

BERT E. PEASE et al., Respondents, v. HARVEY D. THORNBURG et al., Appellants.

Howard B. Henshey and Mart Coles for Appellants.

Roland W. Schoettler for Respondents.

YORK, J.—Judgment was rendered for the plaintiffs against "the defendant, Harvey D. Thornburg, James C. Powell and Mae Christine Powell, for the sum of $4,000.00, together with interest on same at the rate of 7% per annum from the 1st day of August, 1927".

The action was brought by plaintiffs against defendants for money had and received; the alleged cause of action arising out of a real estate transaction negotiated by defendant Powell, and involving an exchange of properties between the plaintiffs and the defendant Thornburg. By the terms of the exchange agreement, plaintiffs deeded to Thornburg an orange grove, subject to encumbrances thereon, and the defendant Thornburg deeded to plaintiffs property in Los Angeles County, and assigned to plaintiffs a promissory note for $4,000, executed by Frank W. Hurd and wife to one J. F. Denney, secured by a deed of trust on property located in Los Angeles County. This note and deed of trust was a third encumbrance, subject to two prior encumbrances, one for $8,000 and the other for $3,750. It is alleged that in order to induce the plaintiffs to effect the exchange of the properties, the defendant Powell stated to them that the note and trust deed were guaranteed by the Harold G. Ferguson Corporation, and that the property was worth the amount of the three encumbrances on it. It is alleged that the trust deed was subsequently foreclosed, without the knowledge of the plaintiffs.

There is nothing in the complaint that states a cause of action of any kind against the defendant Mae Christine Powell, the wife of James C. Powell. The cause of action attempted to be stated against said James C. Powell is predicated upon the allegation in the complaint that he represented that the note and trust deed were guaranteed by the Harold G. Ferguson Corporation, and that the property was worth the amount of the three encumbrances upon it. The representations as to the value of the property covered by the trust deed were matters of opinion, for which

the agent could not be held to be responsible. It is not alleged, nor found, that these representations were made by anyone excepting defendant James C. Powell. It is not alleged that the other defendants had any knowledge of any misrepresentation made by the said Powell. There is no allegation of such an agency on behalf of Powell that would bind the defendant Thornburg. There is no finding by the court that the representations made by Powell were made when he did not believe them to be true. Plaintiffs agreed in the agreement for exchange: "It is also presumed and understood that all principals to this agreement have investigated the respective properties, and the agent or broker is hereby released from all responsibility regarding valuation of same." Further the record shows that in fact the deed by which the property covered by the trust deed was conveyed to the Ferguson Corporation referred to the several trust deeds subject to which the conveyance was made, and declared that "the grantee assumes each of the encumbrances above set out".

Therefore, there being no basis for the judgment against any of the defendants, the judgment is reversed.

Conrey, P. J., and Houser, J., concurred.