[Civ. No. 5266. Third Appellate District.—February 4, 1935.]

ALLEN H. STUMPF et al., Respondents, v. RICHARD C. LAWRENCE et al., Appellants.

374

Aubrey M. Finley for Appellants.

Chester J. Staley, C. C. Caswell and Andrew J. Copp, Jr., for Respondents.

THOMPSON, J.—A joint and several judgment was rendered against the defendants for fraud alleged to have been exercised in procuring the exchange of properties situated in Los Angeles County. The defendants Lawrence and Myles, only, have appealed.

The plaintiffs owned three tracts of land in Santa Monica and Pasadena, of the total value of approximately $33,000, subject to mortgages aggregating the sum of $14,400. The defendant Lillian B. Fergie owned the Melba Apartment House in Santa Monica, together with the furniture and equipment thereof, represented by her agents to be worth $35,000. The Melba Apartment House was also subject to a mortgage of $14,400. The defendants Richard C. Lawrence, who is a real estate broker, and Harry S. Myles, his salesman, were the agents of Mrs. Fergie. An exchange of the Melba Apartment House for the plaintiffs' three pieces of properties was negotiated July 30, 1930, by the brokers. Incident to this trade of properties, the plaintiffs executed and delivered their promissory note for $1450 payable to the defendant Lawrence in payment of their agreed proportion of the commissions for the services of the brokers. The exchange of the properties was consummated subject to the several mortgages which then existed against the various properties. The court found that the exchange of properties was procured by means of fraudulent representations on the part of the defendants consisting, among other false statements, of the positive assertion that during the year immediately prior to the time of exchanging properties the apartment house "produced . . . an income from rentals . . . of the aggregate sum of forty-eight hundred dollars ($4800.00) per year with an average of four hundred dollars ($400.00) per month throughout the calendar year", and that the Melba Apartment House and its furnishings were worth $35,000. The court further found that upon the contrary the entire income from the apartment property for the year prior to the time of the exchange of properties did not exceed the amount of $2,700, and that the value of the property was only the sum of $24,000, as the defendants well knew. The court also found that these misrepresentations were made by the defendants to deceive and defraud the plaintiffs who believed them to be true and exchanged their

properties in reliance thereon. The record contains ample evidence to support the findings of the court. A judgment for damages resulting from the fraud exercised was rendered against the defendants jointly in the sum of $9,500, less two items of indebtedness due from the plaintiffs incident to the exchange of properties, aggregating the sum of $821.42. The court also decreed that the $1450 note, which was executed by the plaintiffs and delivered to the defendant Lawrence was procured by fraud and directed that it be canceled as void.

The appellants contend that the amended complaint fails to state facts sufficient to constitute a cause of action for the reason that the specific charges of fraud upon which the plaintiffs rely are not adequately alleged; that there is a fatal variance between the allegations of the amended complaint and the findings of the court with respect to the alleged fraudulent representations, and that the court erred in computing the amount of the judgment by following an inapplicable rule for the measure of damages.

We are of the opinion the amended complaint states a good cause of action based on damages sustained as the result of fraudulent representations made by the defendants which induced the plaintiffs to exchange their properties. Among the fraudulent statements which were specifically alleged in the amended complaint were the preceding assertions made by the defendants that the Melba Apartment House was worth $35,000, and that the income therefrom for the year prior to the time of the exchange of properties was $4,800, while the actual value of the property did not exceed the sum of $15,000, and the income derived therefrom during the year preceding the time of the exchange of properties was only the sum of $2,700. It was specifically alleged these false statements were made by the defendants to deceive and defraud the plaintiffs, and that they believed them to be true and were induced thereby to exchange their properties to their detriment in a sum in excess of the amount of the judgment which was rendered.

The statement of the owner of property with respect to its value is usually considered the expression of a mere opinion on his part which may not become the basis of a suit for damages for fraud on that account. But when a positive statement of the value of property is made by the

owner, coupled with other asserted facts or circumstances like a false representation of past income therefrom, it may constitute competent evidence in proof of the alleged fraudulent representations upon which a judgment for damages may be supported. (24 R. C. L., p. 343, sec. 633; 26 C. J., p. 1217, sec. 110; *Cruess* v. *Fessler,* 39 Cal. 336; *Conner* v. *Butler,* 113 Cal. App. 502, 511 [298 Pac. 546].) ■ The owner of the Melba Apartment House and her agents were each liable for damages which resulted from the fraudulent representations which procured the exchange of properties in the present case. ■ When agents acting within their actual or apparent authority procure an exchange of properties by means of fraud, the principal is jointly liable with the agents for damages incurred thereby, even though the principal is innocent of personally participating in the fraud, when he accepts and retains the benefits which accrue from the transaction. (2 Pomeroy's Equity Jurisprudence, p. 1887, sec. 909; *Lewis* v. *McClure,* 127 Cal. App. 439, 449 [16 Pac. (2d) 166].)

■ Other allegations of fraud may have been immaterial or defectively alleged. They were in the nature of statements regarding the prospective future income of the property, such as the extravagant assertion that the Melba Apartment House was a "veritable gold mine". These last-mentioned statements may be disregarded as immaterial. They are usually classified as an owner's exaggerated opinion regarding the value of his property, or his visionary estimation of future income therefrom, neither of which furnishes a basis for damages for fraudulent representations. Disregarding these last-mentioned allegations, however, the amended complaint contains sufficient other specific charges of fraud to constitute a good cause of action on that ground. The defendants failed to demur to the amended complaint.

■ There is no substantial variance between the findings of the court and the material allegations of fraud above related as they appear in the amended complaint. The court adopted findings regarding the defendants' assertions respecting the value of the Melba Apartment House and the income therefrom in almost the exact language in which those false statements were alleged in the complaint. There is no fatal variance in that regard.

Nor did the court adopt an incorrect measure of damages in estimating the loss sustained by the plaintiffs on account of the fraudulent statements of the defendants with respect to the value and income of their property.

We are of the opinion the amended complaint states a good cause of action based on fraudulent representations. Among other specifications of fraud, the amended complaint does allege in substance that the agents of the defendant Lillian B. Fergie represented to the plaintiffs for the purpose of deceiving and defrauding them that the Melba Apartment House was worth $35,000, and that it produced an income for the year ending June 1, 1930, of $4,800, while upon the contrary the property was not then actually worth more than $15,000 and the income therefrom for the year mentioned was only the sum of $2,750, as the defendants well knew, and that the plaintiffs, relying upon those and other alleged fraudulent statements of the defendants as true, exchanged their three parcels of land for the Melba Apartment House property and executed and delivered to the defendant Lawrence their promissory note for the sum of $1450, and that they were thereby damaged in the sum of $23,050. The defendants failed to demur to the amended complaint. While the pleading contains recitations of many unnecessary details and circumstances, together with other untrue representations which amount only to the owner's opinion as to the possible future income of the property, the preceding specific statements with respect to the value and the past income of the property constitute sufficient charges of fraud upon which a suit for damages may be properly founded.

 The court did not err in computing the damages sustained by the plaintiffs in this case as the result of fraudulent representations on the part of the defendants by means of which an exchange of properties was induced, by estimating the difference between the actual value of the defendants' property at the time of the exchange, and the value thereof as it was represented by the defendants. (12 Cal. Jur., p. 843, sec. 88; *Hines* v. *Brode*, 168 Cal. 507 [143 Pac. 729]; *Jackson* v. *Deauville Holding Co.*, 219 Cal. 498 [27 Pac. (2d) 643]; *Holcomb* v. *Long Beach Inv. Co.*, 129 Cal. App. 285, 293 [19 Pac. (2d) 31].) That rule with

respect to the measure of damages under such circumstances has been so well established by a long line of authorities without variance therefrom, that it is no longer open to controversy.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 4, 1935.