[Civ. No. 13368. Second Dist., Div. Two. Apr. 28, 1942.]

E. R. GELBERG, Respondent, v. CAROLYNA STROHMAYER CONSOLO, Appellant.

H. A. Gebhardt for Appellant.

Samuel S. Gilbert and R. M. Hemperley for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover upon a foreign judgment defendant appeals.

The essential facts are:

Plaintiff brought an action upon a foreign judgment and at the time of trial offered into evidence an exemplified transcript of the judgment. Thereafter the case was submitted and before decision was rendered upon motion of plaintiff the trial court permitted plaintiff to introduce in evidence an exemplified copy of the judgment obtained in the State of New York.

It is necessary for us to determine two questions which will be stated and answered hereunder seriatim.

*First: Was it error for the trial court to permit plaintiff to reopen his case and offer additional evidence after the case had been submitted for decision?*

This question must be answered in the negative. The rule is established by a long line of authorities that trial courts are vested with a broad discretion in permitting parties to reopen a case for the purpose of introducing further proof, and the trial court's ruling upon a request to reopen a case will be disturbed on appeal only where there has been a clear abuse

518

of discretion to the prejudice of the party complaining. (*Bublitz* v. *Reeves,* 40 Cal. App. 75, 78 [180 Pac. 28].) In the instant case it was clearly not an abuse of discretion for the trial court to reopen the case and receive additional evidence.

*Second: Did the trial court commit prejudicial error in refusing to permit defendant to introduce evidence that at the time the final judgment was rendered against her in the state of New York, she was not in the jurisdiction of the court, had no knowledge of the proceeding, and was not represented by counsel?*

This question must likewise be answered in the negative. Defendant had been served with process and appeared by an attorney, who filed an answer in her behalf in the suit instituted against her in the State of New York. It was therefore immaterial whether at the time the final judgment was entered against her she was (a) in the State of New York, (b) represented by counsel, or (c) knew that the proceedings were being taken against her.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.