[Civ. No. 16769. First Dist., Div. Two. Sept. 28, 1956.]

BRUNO GIOMI, Respondent, v. RAYNOLD VIOTTI et al.,
Appellants.

*Assigned by Chairman of Judicial Council.

James Martin MacInnis and Harry P. Glassman for Appellants.

Edmund J. Holl for Respondent.

AGEE, J. pro tem.*—Defendants, husband and wife, appeal from a judgment recovered against them by plaintiff in an action brought to rescind a contract of sale of a partnership interest in a bakery. The purported appeal from an order denying defendants' motion for a new trial is dismissed, such order being nonappealable.

In April, 1945, defendants and one Picenti bought the bakery for $4,400. In November, 1945, defendants returned to Picenti the $2,200 which he had put up and they thereupon became the sole owners.

In November, 1946, plaintiff contacted defendants. He told them that he knew nothing about the bakery business but he was interested in investing in some type of business in

*Assigned by Chairman of Judicial Council.

which he could be employed. Defendants told him that they had just sold a one-tenth interest to one Bortolazzo for $2,000 but that they would sell him one-half of the remaining nine-tenths interest for $9,000 and give him a job driving a delivery truck on one of the routes. The sale was closed on December 12, 1946, at which time the plaintiff paid $1,000. The balance of $8,000 was paid on December 19, 1946. Less than a year later the business was in bankruptcy.

Plaintiff alleged, and the trial court found, that for the purpose of inducing him to buy said partnership interest the defendants falsely and with fraudulent intent represented to him that the value of the business as a whole was $20,000, that the monthly net income therefrom was $1,500, and that all of the debts of the business had been paid.

█ Defendants contend that the representation of the value of the business was a mere expression of opinion and not actionable. This is the general rule. (23 Cal.Jur.2d, p. 38.) However, an exception to this rule is well recognized where the representation of value is coupled with statements of extrinsic facts materially affecting the value. (23 Cal. Jur.2d, p. 40.) █ Here, defendants represented to plaintiff that the business was making net profits of $1,500 per month; in fact, the business was losing money. (Defendant Viotti testified that the "profits" were eaten up by the payment of wages of $61.50 per week to himself and Bortolazzo.) Defendants represented that all indebtedness had been paid when, in fact, the business owed thousands of dollars. Defendants represented that the business owned five trucks when, in fact, it owned only two trucks, one of which was not usable. (The other three trucks were leased.) Defendants told plaintiff that his $9,000 would be used for capital improvement but not one cent of it was put into the business. In *Conner* v. *Butler*, 113 Cal.App. 502, the court said at page 511 [298 P. 546]: "Misrepresentations of material facts bearing upon the question of value or condition of the assets or past earnings of a business may amount to fraud." And in *Stumpf* v. *Lawrence*, 4 Cal.App.2d 373, at page 376 [40 P.2d 920], it was said: "The statement of the owner of property with respect to its value is usually considered the expression of a mere opinion on his part which may not become the basis of a suit for damages for fraud on that account. But when a positive statement of the value of property is made by the owner coupled with other asserted facts or circumstances like a false representation of past income therefrom, it may con-

stitute competent evidence in proof of the alleged fraudulent representations upon which a judgment for damages may be supported." (See also: *Russell* v. *Roscoe*, 106 Cal.App. 293, 298 [289 P. 185]; *Willson* v. *Municipal Bond Co.*, 7 Cal.2d 144, 150 [59 P.2d 974]; *McElligott* v. *Freeland*, 139 Cal.App. 143, 150 [33 P.2d 430]; *Yeoman* v. *Sherry*, 10 Cal.App.2d 567, 572 [52 P.2d 555].)

Plaintiff testified, and the trial court found, that he relied upon the said representations made by defendants and was induced thereby to purchase. Defendants argue that he could have ascertained the falsity of the representations by making a reasonable investigation. *Hefferan* v. *Freebairn*, 34 Cal.2d 715 [214 P.2d 386], involves a factual situation very similar to that in the instant case. There a judgment in favor of plaintiff rescinding his purchase of a restaurant and ordering the return of his cash payment was affirmed. The Supreme Court rejected defendant's contention that the plaintiff was precluded from rescinding because of the knowledge of the business which he acquired or should have acquired during the course of the negotiations. It held that negligence on the part of the plaintiff in failing to discover the falsity of a statement is no defense when the misrepresentation is intentional rather than negligent. The court pointed out (p. 719) that exceptionally gullible or ignorant people may recover in circumstances where persons of normal intelligence would not have been misled. Further, that it is not incumbent on a buyer in a situation of this sort to investigate claims as to earnings realized.

We conclude that the evidence was amply sufficient to support the findings and judgment of the trial court.

The second point raised by defendants is that the trial court erred in denying their motion to reopen the case for the purpose of introducing additional testimony. The trial was concluded on November 4, 1954. On December 3, 1954, after a minute order had been made directing judgment for plaintiff, defendants filed a notice that they intended to move to reopen. The affidavit in support of this motion alleged that at the time of the trial the attorney representing defendants was under the impression that Leslie Hubbard, Esq., of the law firm of Hubbard and Hubbard, was the attorney representing defendants at the time of the transaction with plaintiff and that he was unable to contact Leslie Hubbard prior to trial; that, since the trial, defendants' attorney learned that it was H. R. Hubbard, Esq., who had represented the de-

fendants; that H. R. Hubbard could testify to certain matters which would indicate that plaintiff's real reason for wanting to rescind was because of personal differences which had arisen and not because he had been defrauded. █ It is well settled that a motion to reopen after trial and before entry of judgment rests in the sound discretion of the trial judge. (24 Cal.Jur. 768.) █ And it is equally fundamental that a trial judge may properly refuse to reopen a case for the introduction of further testimony when there is no showing of due diligence. (24 Cal.Jur. 770.) There is a complete lack of any such showing. At the very outset of the trial, plaintiff testified that there were two Hubbards and that the one handling the transaction was a stout man. Defendants called Victor E. Cappa, an attorney, as their witness. He testified that he was requested to talk over the transaction with plaintiff because he could speak in Italian fluently.

"THE COURT: Q. Who requested you to do that? A. *H. R.* Hubbard.

"Q. That is, Hubbard represented Giomi [plaintiff]? A. No, he was representing the Viottis, the defendants in this action; he was representing them. Mr. Giomi was not represented, so Mr. Hubbard wanted to be satisfied that he knew what he was doing and understood the import of these papers that were to be signed, so he turned him over to me and I talked to him.

"Q. Were you the attorney for the Viottis? A. In a sense I was because I was associated with Hubbard & Hubbard."

It is clear that the denial of the motion to reopen was not an abuse of discretion. "The rule is established by a long line of authorities that trial courts are vested with a broad discretion in permitting parties to reopen a case for the purpose of introducing further proof, and the trial court's ruling upon a request to reopen a case will be disturbed on appeal only where there has been a clear abuse of discretion to the prejudice of the party complaining." (*Gelberg* v. *Consolo,* 51 Cal.App.2d 516, 517 [125 P.2d 74].)

The judgment is affirmed.

Nourse, P. J., and Kaufman, J., concurred.