PUBLIC FINANCE
(1) There is no transfer of the statutory duties of the prevent State Auditor to any other official when that office is abolished January 8, 1979; and (2) effective January 8, 1979, the State Treasurer is vested with the power to issue warrants pursuant to 60 O.S. 41.21 [60-41.21] (1971). The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: "(1) Effective January 8, 1979, which State Officers, if any, can legally assume the statutory duties presently held by the State Auditor? "(2) If the first question is answered in the negative, on January 8, 1979, does any state officer have authority to issue state warrants?" The First Session of the Thirty-sixth Oklahoma Legislature passed S.J.R. No. 37. This measure referred to the people a proposal which would amend several sections of Article VI of the Oklahoma Constitution. These amendments, among other things, would abolish the offices of the State Auditor and the State Examiner and Inspector and consolidate them into the office of the State Auditor and Inspector. These proposals were passed by a vote of the people on July 22, 1975, in State Question No. 509 through 514, Legislative Referendum No. 209 through 214 and, as a result of which, the office of the State Auditor will go out of existence on January 8, 1979. The actions of the State Legislature in effectuating this constitutional change must be looked at in light of the principles pertaining to the authority of public officials, to determine whether any other state official may assume the statutory duties of the State Auditor's Office after January 8, 1979. Public officials are generally held to only have such power as is expressly conferred upon them by law. Gammill v. Shacklesford,40 P.2d 920, 922 (Okl. 1970); Brown v. State Election Board,369 P.2d 140, 144 (Okl. 1962). They also have such additional implied powers as are necessary for the exercise of powers expressly granted or as may be fairly implied from the statute granting the express powers. Oklahoma Tax Commission v. Fortinberry Company,201 Okl. 537, 207 P.2d 301 (1949). Unless the Legislature has acted to expressly authorize another official or officials to assume the statutory duties of the State Auditor or such power may be fairly implied from a statute, no state official will be able to carry out the present statutory duties of the State Auditor. In the Second Session of the Thirty-sixth Oklahoma Legislature, House Bill No. 1512 was introduced to help effectuate the consolidation of the offices of the State Auditor and the State Examiner and Inspector. In part, it sought to transfer the statutory duties of the State Auditor to other state officials. This bill passed the House but was substantially amended in the Senate. Subsequently, the measure died in conference committee at the end of the session. Thus, here was no express transfer of the State Auditor's statutory duties to other state officials. The only bill dealing with the consolidation of those two offices which was passed by the Thirty-sixth Oklahoma Legislature was House Bill No. 1542. This was the appropriation bill for the State Auditor's Office. Section 3 of that Bill transferred and assigned "all funds, outstanding obligations, records, property and office space of the State Auditor" to the Director of State Finance, effective January 8, 1979. While it might be argued this provision impliedly transfers the statutory duties of the State Auditor's Office to the Director of State Finance, this conclusion is negated by the second sentence of Section 3 which reads: "Authority is hereby granted to the Director of State Finance to make a subsequent transfer of records to the State Treasurer, and the State Auditor and Examiner as may be required by legislative action transferring functions and duties to these respective offices." This sentence when read in connection with the history of House Bill 1512, clearly indicates that its scope was only to transfer the specific items mentioned in the first sentence of Section 3 in that it was in no way intended as a measure transferring the duties of the State Auditor's Office to other state officials. Thus, it appears that the Thirty-sixth Oklahoma Legislature failed to either expressly or impliedly transfer the statutory duty of the State Auditor's Office to another state officer after January 8, 1979. This, however, does not end the analysis of the questions involved. Under the present statutory scheme state warrants in payment of claims or payrolls, after being certified for payment by the State Budget Director, are issued by the State Auditor in conjunction with the State Treasurer. See 62 O.S. 41.21 [62-41.21] (1971). As indicated above the Thirty-sixth Legislature failed to transfer the State Auditor's duties to another state official when that office is abolished on January 8, 1979. A question still remains as to whether this action also vitiates the State Treasurer's power to issue warrants under 62 O.S. 41.21 [62-41.21] (1971). It is generally held that actions of the Legislature must be given a logical and reasonable construction and where one construction would lead to a useless or deleterious effect it must be disregarded. Phillips v. Oklahoma Tax Commission, 174 Okl. 104, 49 P.2d 805
(1935). In the present situation the Legislature was fully aware that State warrants were issued by the State Auditor and the State Treasurer. While they failed to designate another state official to fill the State Auditor's duties under the statute, no affirmative steps were taken to strip the State Treasurer of his power. The Legislature's handling of this matter, when viewed in conjunction with their knowledge of the present statutory manner in which State warrants are issued, shows an intent to vest the power to issue State warrants in the hands of the State Treasurer, effective January 8, 1979. Any other interpretation of their actions would lead to the conclusion that the Legislature chose to leave the State without any means of carrying on its fiscal affairs by issuing State warrants. Such an interpretation is unacceptable in light of the statutory principle stated above. It is, therefore, the opinion of the Attorney General that (1) there is no transfer of the statutory duties of the present State Auditor to any other state official when that office is abolished January 8, 1979; and (2) effective January 8, 1979, the State Treasurer is vested with the power to issue warrants pursuant to 60 O.S. 41.21 [60-41.21] (1971). (GLENN McLOUGHLIN) (ksg)