[Civ. No. 2451.   First Appellate District, Division One.—January 16,
1919.]

## DELIA TANN, Appellant, v. WESTERN PACIFIC RAILWAY COMPANY (a Corporation), Respondent.

DEATH BY WRONGFUL ACT OR NEGLECT—RIGHT OF ACTION FOR DAMAGES
—NATURE OF RIGHT.—Statutes like section 377 of the Code of Civil
Procedure giving an action for wrongful act or neglect, causing
death, create a right entirely distinct from that which was vested
in the injured person before his death.

ID.—RIGHT OF ACTION FOR PERSONAL INJURIES — ABATEMENT—NEW
CAUSE OF ACTION.—Where one injured by the wrongful act or
neglect of another dies, the right of action vested in him against
the person causing the injuries abates, and under section 377 of the
Code of Civil Procedure, a new and independent cause of action
for damages for his death caused by the wrongful act or neglect
(if the deceased was not a minor at the time of his death), imme-
diately arises in favor of the heirs or personal representatives of the
deceased.

ID.—PLEADING—STATUTE OF LIMITATIONS.—An action by the heirs or
personal representatives of one not a minor at the time of his death,
commenced under such circumstances, can be instituted within one
year, and is not barred by the provisions of subdivision 3 of section
340 of the Code of Civil Procedure.

ID.—OTHER ACTION PENDING — DEMURRER ERRONEOUSLY SUSTAINED.—
Where, while an action for damages for personal injuries by one
who had been injured by the wrongful act or neglect of another was
pending, the injured person died, and thereupon his surviving widow
and heir commenced an action under section 377 of the Code of
Civil Procedure for the damages caused by his death, the latter ac-
tion, being one solely for the benefit of the heir, by which she
sought compensation for the pecuniary injury suffered by her by
reason of the loss of her relative, was not an action between the
same parties for the same cause of action as in the former suit,
and the lower court, therefore, erred in sustaining a demurrer to
the complaint in the latter suit on the ground that there was another
action pending between the same parties and for the same cause.

ID.—COMPLAINT DEFECTIVE.—Where the complaint in such action did
not state that the decedent was an adult at the time of his death
and left an heir or heirs, it failed to state a cause of action. If
the deceased at the time of his death was a minor the action could
not be brought by the plaintiff as heir at law, but should have been
instituted under section 376 of the Code of Civil Procedure.

ID.—AMENDMENT.—The court in such case erred in sustaining a de-
murrer to the complaint without leave to amend, since the complaint
was clearly susceptible of amendment.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Geo. A. Sturtevant,
Judge. Reversed.

The facts are stated in the opinion of the court.

John H. Leonard and E. M. Leonard for Appellant.

Charles W. Slack for Respondent.

WASTE, P. J.—This action is one brought by the plaintiff
to recover damages for the death of her husband, Emil Joseph
Tann. From the complaint, it appears that the decedent was
injured through the negligence of defendant corporation on
January 16, 1913. Within one year from the date of his in-
jury he commenced an action against said defendant for dam-
ages for the injury alleged to have been received. That
action was at issue, and ready for trial at the time of his death,
which occurred on April 29, 1914.

On June 25, 1914, plaintiff, as "the surviving widow and
heir of" said decedent, commenced the present action. After

the commencement of the suit an amendment to the complaint was allowed whereby Frank G. Drum and Warren Olney, Jr., receivers of the Western Pacific Railway Company, were made defendants.

Defendants demurred to the amended and supplementary complaint generally and specifically. In support of the special demurrer the defendants urged that the action was barred by subdivision 3, section 340, of the Code of Civil Procedure, to wit, the limitation of one year; also, that if the cause of action for injury sustained by the said Emil Joseph Tann survived to his widow, the complaint showed that there was then pending another action between the same parties and for the same cause.

The lower court sustained the demurrers and refused leave to the plaintiff to amend. Judgment was entered in favor of defendants, and plaintiff appeals.

Admittedly, this action is one brought, and sought to be maintained, under the provision of section 377 of the Code of Civil Procedure, which provides as follows: "When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case, may be just."

Construing this section, our supreme court has said: "Our statute gives a right of action for damages for the death of a person not a minor, caused by the wrongful act or neglect of another, to his heir or his personal representative, against the person causing the death." (*Clark* v. *Goodwin*, 170 Cal. 529, [150 Pac. 357].) At common law there was no action for torts causing death. The right of action died with the injured person. Accordingly, it is universally held that statutes like section 377 of the Code of Civil Procedure, giving an action for wrongful act or neglect causing death, create a right entirely distinct from that which was vested in the injured person before his death. (*Western Metal Supply Co.* v. *Pillsbury*, 172 Cal. 414, [Ann. Cas. 1917E, 390, 156 Pac. 491].) The right of action vested in the decedent Tann against the defendant corporation for the injuries alleged to

have been received by him died and abated (*Clark* v. *Goodwin, supra*), and a new and independent cause of action for damages for the death of Tann, caused by the wrongful act or neglect of defendant corporation (if he was not a minor at the time of his death), immediately arose in favor of the heirs or personal representatives of the deceased under section 377 of the Code of Civil Procedure. The action here is of this character and as such could be instituted within one year. (*Ruiz* v. *Santa Barbara Gas Co.*, 164 Cal. 190, [128 Pac. 330].) It was, therefore, not barred by the provisions of subdivision 3, section 340, of the Code of Civil Procedure.

This action, being one solely for the benefit of the heir by which she seeks to be compensated for pecuniary injury suffered to her by reason of the loss of her relative, it is not the action brought by the decedent during his lifetime. It is not an action pending between the same parties for the same cause of action as in the former suit. (*Ruiz* v. *Santa Barbara Gas Co., supra; Clark* v. *Goodwin, supra; Western Metal Co.* v. *Pillsbury, supra.*)

The lower court was in error, therefore, in sustaining the demurrer on the special grounds urged.

On the appeal, however, respondents present a brief in support of the general demurrer, which was not urged in the court below. They contend that the complaint should allege that the deceased was an adult at the time of his death; otherwise it does not state facts sufficient to bring the action within the provision of section 377 of the code, *supra;* that if the decedent was a minor the action was one authorized by section 376 of the Code of Civil Procedure, which can only be brought by the "father, or in case of his death or desertion of his family, the mother."

The only reference in the complaint relative to the heirs of decedent Tann is found in the allegation that "the plaintiff, Delia Tann, is the surviving widow and heir of Emil Joseph Tann, deceased." There is no allegation that the decedent was an adult at the time of his death. Undoubtedly, the complaint does fail to state a cause of action if it fails to allege that deceased was an adult and left an heir, or heirs, an allegation absolutely essential in an action of this character. (*Ruiz* v. *Santa Barbara Gas Co., supra; Webster* v. *Norwegian Min. Co.*, 137 Cal. 399, [92 Am. St. Rep. 181, 70 Pac. 276].) As the widow of decedent, plaintiff was given no

right of action by the statute. (*Bennett* v. *North Carolina
R. R. Co.,* 159 N. C. 345, [74 S. E. 883] ; Code Civ. Proc.,
sec. 377.)

If the deceased, at the time of his death, was a minor, the
action could not be brought by the plaintiff as heir at law, but
should have been instituted under section 376 of the Code of
Civil Procedure. If under the latter section, the action was
brought by the father, it would be necessary to allege that the
deceased was a minor at the time of his death, and that plain-
tiff was his father. If brought by the mother, it would be
necessary for her to allege, not only that deceased was a
minor, but that the father was dead or had deserted his
family. In other words, these actions being purely statutory,
it is necessary to allege sufficient facts to bring plaintiff
within the provisions of the particular statute under the
authority of which the action may be maintained.

As aforestated, the action of the court below, in sustaining
the demurrers to the amended and supplementary complaint
on the two grounds considered, was erroneous. Conceding
that the allegation in the complaint as to the heirs of decedent
is insufficient, the further action of the trial court sustaining
the demurrer without leave to amend, was incorrect. Plain-
tiff intended, and attempted, to state the necessary facts, and
her complaint was clearly susceptible of proper amendment.

The "complaint or declaration may be amended as in other
actions where the amended pleading does not state a new
cause of action, and such an amendment, although made after
the expiration of the period of limitations, will relate back to
the commencement of the suit. Thus, an amendment may be
made . . . which adds an allegation that deceased left a wife
and children." (*Ruiz* v. *Santa Barbara Gas. Co., supra.*)

The judgment is reversed and the cause remanded for fur-
ther proceedings not inconsistent with the views herein
expressed.

Richards, J., and Kerrigan, J., concurred.