[Sac. No. 3771. In Bank.—February 28, 1927.]

THE PEOPLE ex rel., Appellant, v. TURLOCK HOME TELEPHONE AND TELEGRAPH COMPANY (a Corporation), Respondent.

[1] MUNICIPAL CORPORATIONS—TELEGRAPHS AND TELEPHONES—ACTION TO FORFEIT FRANCHISE—ISSUES.—In a proceeding by the state, upon the relation of a municipality, to forfeit a franchise granted by the municipality to erect and operate over its streets poles, masts, and other structures upon which to suspend wires and other appliances for the construction and maintenance of a telephone and telegraph system, the question of what the rights of the defendant are under section 536 of the Civil Code, if that section is still in force, and whether that section has been repealed by section 19 of article XI of the constitution as amended in 1911, is not involved.

[2] ID.—PLEADING—FORFEITURE.—It is elementary that forfeitures are never favored by the courts, and in order to declare a forfeiture the allegations of the complaint and its proof in support thereof must be positive and explicit.

[3] ID.—FAILURE TO PAY TAX—INSUFFICIENCY OF COMPLAINT.—In such a case, where a forfeiture is sought to be declared by reason of the defendant's failure to pay a franchise tax on certain of its gross earnings, the complaint is fatally defective in failing to show that the defendant has received earnings, and a general demurrer to the complaint was properly sustained for that reason; but as the defect may be overcome by amendment, the

2. See 12 Cal. Jur. 634.

plaintiff should have an opportunity to further amend its complaint.

(1) 37 Cyc., p. 1613, n. 78. (2) 25 C. J., p. 1174, n. 4. (3) 31 Cyc., p. 352, n. 47, 52; 37 Cyc., p. 1615, n. 94.

APPEAL from a judgment of the Superior Court of Stanislaus County. L. W. Fulkerth, Judge. Reversed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Leon French, Deputy Attorney-General, and Wm. N. Graybiel for Appellant.

Samuel V. Cornell for Respondent.

Pillsbury, Madison & Sutro, *Amici Curiae*, for Respondent.

CURTIS, J.—This is a proceeding instituted in the name of the People of the State of California upon the relation of the City of Turlock, a municipal corporation, for a judgment declaring forfeited a certain franchise held by the defendant. The amended complaint alleges that the franchise involved herein was granted by said City of Turlock on the sixteenth day of March, 1909, to J. L. Randolph, his successors and assigns, for a term of fifty years, to erect and operate over the streets of said city poles, masts, and other structures upon which to suspend wires and other appliances for the construction and maintenance of a telephone and telegraph system; that Randolph at some time subsequent to January 1, 1912, assigned and transferred said franchise to defendant; that defendant is the owner, holder, and user of said franchise; and that defendant at all times since the expiration of the five-year period subsequent to the granting of said franchise has paid to the City of Turlock its annual two per cent franchise tax on its gross earnings, except that portion of its gross earnings derived from performing switch service for the farmers' telephone lines that connect with the lines of the defendant at the corporate limits of said city. It is also alleged that said two per cent tax is a tax provided for and required by section 3 of the act known as the Broughton Act. A general demurrer to this amended complaint was sustained by the court without

leave to amend, and judgment was entered in favor of defendant. From this judgment the plaintiff has appealed. [1] The principal argument advanced by respondent before the trial court in support of its demurrer, and the one mainly relied upon before this court to sustain the judgment herein, is that by virtue of the provisions of section 536 of the Civil Code telephone corporations are given the right to construct telephone lines along and upon the streets and highways of the municipalities of the state; and that under the provisions of said section of the code respondent is given the right to operate and maintain its telephone system over the streets and highways of the City of Turlock independent of any right it may have acquired under the Randolph franchise. Appellant replies to this argument of respondent by contending that section 536 of the Civil Code has been repealed by section 19 of article XI of the constitution as amended in 1911. Much of the briefs of the parties is taken up with a discussion of the merits of these respective contentions. We question whether the validity of section 536 of the Civil Code is material to any issue involved in this proceeding. This action was not brought to exclude the respondent, the Telephone Company, from the use of the streets and highways of the City of Turlock, but simply to declare forfeited the Randolph franchise, which, it is alleged in the amended complaint, the respondent now owns and holds and is using in said city. It may well be that the respondent, under section 536 of the Civil Code, if said section is still in force, has a right to maintain its telephone system in said city, but this right, whatever it may be, as respondent contends, is entirely apart from, and independent of, any right acquired by it by virtue of the ownership of the Randolph franchise. Conceding, therefore, that the rights of respondent under section 536 of the Civil Code are sufficient to protect it in the maintenance and operation of its telephone system in said city, still that fact presents no reason sufficient to defeat appellant's claim to have the Randolph franchise, an entirely different right, forfeited, if it can be shown that the respondent has failed to comply with the law under which the latter franchise was granted, and which failure worked a forfeiture thereof. Section 3 of the Broughton Act provides: "In the event said payment (2 per cent of the gross annual receipts) is not made, said

franchise shall be forfeited; . . . '' (Stats. 1905, p. 777.) If section 536 of the Civil Code is held to be still in force, the difference between the rights which respondent is granted by the terms thereof and those which it has under the Randolph franchise may be very slight. As the Randolph franchise is not set out in the amended complaint and the reference thereto in said pleading is quite brief, we have no means of knowing its exact provisions. We hardly think, however, we would be justified in assuming that the rights acquired by respondent thereunder are the same as those given under the code section. On the other hand, it appears from the amended complaint that respondent is now not only the owner but the user of said franchise and that it is paying to the City of Turlock by reason of its ownership and use thereof a franchise tax of two per cent on certain of its gross earnings. Of course, if respondent were exercising no rights under the Randolph franchise, other than those given to it by the Civil Code, provided said code section is still in force, it would be an idle act to declare a forfeiture of the franchise and it would be useless to prolong this litigation, but the facts, as they are set forth in the amended complaint, do not justify us in drawing any such conclusion. We must assume, therefore, that the facts as pleaded show that the respondent is claimed to be exercising some rights under said Randolph franchise in addition to those acquired by it under section 536 of the Civil Code. Whatever those rights are, the appellant seeks to have declared forfeited, and that is all appellant can recover in this proceeding, should it be successful.

[2] Under these circumstances, if the pleadings were otherwise sufficient, the judgment of the court should be reversed and the trial court directed to overrule the demurrer. There is, however, another question presented by the pleadings which we think cannot be passed by without notice. This proceeding is one to declare a forfeiture. It is elementary that forfeitures are never favored by the courts and in order to declare a forfeiture, the allegations of the complaint and the proof in support thereof must be positive and explicit. [3] Appellant seeks to have the Randolph franchise forfeited by reason, we may surmise, of respondent's failure to pay the two per cent franchise tax on certain of the gross earnings, that is, on the gross earn-

ings received by respondent for performing switch services for the farmers' telephone lines that connect with respondent's lines at the corporate limits. But there is no allegation whatever to be found in the amended complaint that any earnings have ever been received by respondent for such switch services. We cannot even infer from the allegation that the respondent has paid the tax on all earnings received by it except on earnings received for switch services that any earnings whatever have been received by respondent for such switch services. The amended complaint is fatally defective in failing to show that the respondent has received earnings for said switch service and the general demurrer thereto was rightly sustained, but as it is a defect that may be overcome by amendment, appellant should have an opportunity to further amend the complaint. In justice to the trial court we would say that as far as the record shows this defect was not called to its attention at the time of the argument on the demurrer. The parties, it appears, addressed themselves exclusively to the question as to whether section 536 of the Civil Code has been repealed.

It is ordered that the judgment be reversed and appellant be given ten days after the going down of the *remittitur* to further amend the complaint.

Seawell, J., Richards, J., Shenk, J., Waste, C. J., Preston, J., and Langdon, J., concurred.