Luis Izquierdo, Plaintiff and Appellant, *v.* Celestino Andrade, etc., et al., Defendants and Appellees.

No. 5375. Argued May 11, 1932.—Decided March 17, 1933.

*E. Martínez Rivera* for appellant. *Adrián Agosto* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is the second time that this case comes before this Court. The first time it was adjudged on the pleadings. The district court, in sustaining a demurrer, decided that since the owner of the vehicle was not made a defendant, nor alleged to have been in the vehicle at the time of the accident; and since the defendant was neither the owner of the car nor alleged to have been traveling therein, and that the automobile was not alleged to be a public vehicle, the plaintiff had no cause of action for damages for the injuries that he may have sustained in an accident caused by the car in question negligently driven by an employee of the defendant. In deciding the appeal this Supreme Court reversed the judgment appealed from, and ordered that the decision

sustaining the demurrer be modified so as to permit an amendment to the complaint within ten days from the filing of the mandate in the lower court.

From the syllabus of the case as reported in 39 P.R.R. 848, we copy the following:

"In an action for damages arising out of an automobile accident caused by the negligence of the driver employed by defendant, a bailee, the owner of the vehicle is not a necessary party.

"In an action for damages arising out of an automobile accident caused by the negligence of the driver, an employee of the defendant, a bailee, the presence of the owner in the car at the time of the accident is not an essential element of plaintiff's cause of action.

"The ownership of an undertaking or enterprise in connection with which a motor vehicle is used, not the ownership of the vehicle itself, is what determines the liability of a defendant, whether owner or bailee, for damages caused by the negligence of an employee; and this liability does not always depend upon the public character of the vehicle but on whether or not the vehicle is used for business purposes, or in connection with a business enterprise."

A motion for rehearing was denied on the following grounds:

"Appellant moves for a rehearing on the ground that the instant case should be governed by section 60 of the Code of Civil Procedure and not by section 1804 of the Civil Code. There was some argument along this line in the brief and at the hearing, but the question as presented did not seem to demand serious discussion. The only cases relied upon are *Román* v. *Vázquez*, 29 P.R.R. 736, and *Orta* v. *P. R. Railway, L. & P. Co.*, 36 P.R.R. 668. We are not prepared at this time to hold that section 60 of the Code of Civil Procedure establishes a new rule of *respondeat superior*. The opinion in *Orta* v. *P. R. Ry. L. & P. Co.* tends to support the contrary view and is not in conflict with anything that was said in the Román case.

"The motion must be denied."

After the case was remanded to the district court, the plaintiff amended the complaint and the defendants answered. The trial was held and again a judgment was rendered against the plaintiff, who appealed.

From the statement of the case and the opinion of the trial court, we copy the following:

"As the result of the admissions made and the evidence presented, the court declares the following facts proved:

"On April 26, 1928, Joaquín Morales, owner of a Cadillac automobile, loaned it to Celestino Andrade (defendants' predecessor). Celestino Andrade ordered Reyes Ríos Cabán (a licensed chauffeur) to drive said vehicle and conduct Julia Mestre (Andrade's mistress) and her niece on a round trip from San Juan to Arecibo, with the sole purpose of going to a spiritualist to get some curative waters for the personal use of Celestino Andrade.

"Celestino Andrade was then a contractor for certain construction work in progress in the 'José Celso Barbosa' school in San Juan, and in said construction work, the aforementioned Joaquín Morales and Reyes Ríos Cabán worked under the orders of Andrade and were paid by him as carpenter and helper, respectively.

"When the Cadillac driven by Reyes Ríos Cabán was at the entrance of the town of Bayamón on its return from Arecibo, due to the negligence of the said chauffeur Ríos Cabán, it struck a child, Luis Izquierdo, legitimate son of the plaintiff, who died as a result of the accident nine days after its occurrence.

"It has been shown that the child Luis Izquierdo was in perfect health and in the first grade in school; and that as a result of the accident, the plaintiff, Luis Izquierdo, lost his son Luis; his wife became ill and because of this illness the plaintiff's little daughter, whom the mother was still nursing, died; the plaintiff incurred expenses for medical services and medicine; and he lost his employment at which he earned $24 weekly, and suffered great mental anguish.

"If this action were directed against the chauffeur Reyes Ríos Cabán, this court would immediately have to render judgment against him.

"But the complaint is directed against Celestino Andrade (now his heirs), and we must decide whether or not Celestino is liable for the negligence of the chauffeur Ríos Cabán.

"This is the fundamental question to be decided in this case and that is what we are going to do.

"There is no doubt that Celestino Andrade was the owner of the enterprise or construction work that was under way in the 'Doctor Barbosa' school, and it has been proved beyond all reasonable doubt

that the trip from San Juan to Arecibo was 'for the sole purpose of going to a spiritualist to get curative waters for the personal use of Celestino Andrade.'

"These facts having been shown, we have been unable to reach any other conclusion than the following: 'That Celestino Andrade did not send his mistress and his chauffeur to Arecibo on business, and that the Cadillac automobile was not used in connection with the defendant's business, nor for the purposes of a business enterprise at the time of the accident. In order to be firmly convinced of this conclusion we have carefully studied the doctrine laid down by the Supreme Court of Puerto Rico in the case of *Candal et al.* v. *Soc. Esp. de Auxilio Mutuo*, 37 P.R.R. 811, which literally copied is as follows:

" 'Under the law as it now stands a business man who telephones for his car would not be responsible for injuries caused by the negligence of his servant, the driver, while on the way to town in response to the call. But if the same car, when not actually occupied by the owner, were used as a delivery wagon in connection with the business of the owner, and if an accident due to the negligence of the driver should occur while the car was being so used, then the owner would be liable. If the owner of a sugar mill were to send his private car with the chauffeur and an inspector of cane on a tour of inspection among the plantation owners who were parties to grinding contracts or contracts for agricultural advances entered into with such owner, he would be responsible for any accident that might occur as the result of negligence on the part of his driver. If a similar accident should occur while the chauffeur with the same car was on his way to a theater for the purpose of placing the vehicle at the disposal of the owner and his family after the performance in accordance with instructions received from such owner, the master would not be liable.'

"Wherefore and in view of section 1804 of the Civil Code, and the cases of *Vélez* v. *Llavina*, 18 P.R.R. 634, *Truyol & Co.* v. *West India Oil Co.*, 26 P.R.R. 321, and *Alicea* v. *Aboy*, 23 P.R.R. 100, the court is of the opinion that a judgment should be rendered for the defendants, without costs."

The appellant admits in his brief that if his claim were based on sections 1803 and 1804 of the Civil Code, according to this Court's interpretation of the rule of *respondeat superior* that arises from the latter section, the district court

would be right. But he insists strongly on the question raised in his motion for rehearing, to wit: That his action is not based on sections 1803 and 1804 of the Civil Code, but on section 60 of the Code of Civil Procedure, and that such being the case, the fact of whether or not the automobile was used for the purpose of the defendant's enterprise is not important.

Said section 60 provides:

"A father, or in case of his death, or desertion of his family, the mother may maintain an action for the injury or death of a minor child, and a guardian for the injury or death of a minor child, and a guardian for the injury or death of his ward, when such injury or death is caused by the wrongful act or negligence of another. Such action may be maintained against the person causing the injury or death, or if such person be employed by another person who is responsible for his conduct, also against such other person."

It is essentially the same as section 376 of the Code of Civil Procedure of California which has been interpreted by the Supreme Court of said State thus:

". . . statutes like section 377 of the Code of Civil Procedure . . . create a right entirely distinct from that which was vested in the injured person before his death." 172 Cal. 414.

". . . (this) section . . . creates a right entirely distinct from that which was vested in the injured person before his death." 39 Cal. App. 377.

"A totally new action is given against the person who would have been responsible to the deceased if the deceased had lived—an action which . . . is new in its species, new in its quality, new in its principle, in every way new, and which can only be brought if there is any person answering the description of the window, parent, or child, who, under such circumstances, suffers pecuniary loss." 35 Cal. App. 44, 53.

In the case of *Díaz* v. *P. R. Ry. Lt. & P. Co.*, 21 P.R.R., 73, which dealt with an action for damages brought by a natural mother for the death of her son, this Court said:

"There is no doubt as to the law applicable to the present case. If the plaintiff has any right it is derived from section 60 of the Code

of Civil Procedure in force in Porto Rico since 1904, which reads as follows:

" *   *   *   *   *   *   *   *

"Said section is similar to section 3163 of the Laws of Idaho, 3 Idaho Codes Annotated, 55; to section 528 of the Code of Civil Procedure of Montana, 3 Montana Codes Annotated, 96; to section 267 of the Revised Statutes of Indiana of 1894, and differs only from section 376 of the Code of Civil Procedure of California, Codes of California Annotated, Civil Procedure, page 122, in that the California code does not contain the words, 'and a guardian for the injury or death of his ward,' which words appear in the codes of Idaho, Montana, Indiana, and Porto Rico.

"Therefore, as the origin of the law applicable to this case is genuinely American, we must construe the same according to the jurisprudence of the United States."

Nevertheless, three years earlier, in the case of *González v. The San Juan L. & T. Co.*, 17 P.R.R. 115, the Court had decided:

"The action instituted in the case at bar, the object whereof is to recover an indemnity for damages caused to the plaintiff by the death of one of her sons, through the fault or negligence of the defendant company, is authorized by the provisions of section 1803 of the Civil Code, which constitute our substantive law in the matter."

In *Arreche et al.* v. *P. R. Ry. Lt. & P. Co.*, 31 P.R.R. 424, it again considered the question, and in the light of the provisions of the Civil Code interpreted together with those of the Code of Civil Procedure, it said:

"The general rule established in section 1803 was made specific in sections 60 and 61 as to the particular cases provided for in said sections, and as sections 60 and 61 are the specific and more recent expression of the Legislature, they should be applied."

Later, in the case of *Orta* v. *P. R. Ry. Lt. & P. Co.*, 36 P.R.R. 668, the question as to the measure of damages in an action brought by a father for the death of his minor son was again examined, and the Court said:

"The defendant maintains that in this case there was only evidence of a very small earning capacity on the part of the deceased

and that, therefore, an award of $3,000 was highly excessive. The District Court of San Juan in its opinion did not attempt to express its reasons for awarding the sum of $3,000 other than by saying that the sum of $3,000 was a sufficient indemnization.

"*González* v. *San Juan Light & Transit Co.*, *supra*, fixed the primary source of an action of damages in section 1803 of the Civil Code, as follows:

" 'A person who by an act or omission causes damage to another, when there is fault or negligence, shall be obliged to repair the damage so done.'

"And then the court said as follows:

" 'So that the claim of the plaintiff herein is sustained by this precept of the law which establishes her right to be indemnified by the defendant for the damage caused her on account of the death of her son, if said death was brought about by any act or omission of said company, through its fault or negligence.

" 'This is our substantive law in the matter of damages and it is in accordance with its provisions, as interpreted by the ruling jurisprudence, that courts should decide questions submitted to them for decision, and therefore the plaintiff is entitled in cases where there may exist fault or negligence on the part of the defendant company, to recover from the defendant company the damages that may have been actually caused to her, whatever they may be.'

"In *Arreche et al.* v. *The Porto Rico Railway, Light & Power Co.*, 31 P.R.R. 424, we again showed that section 1803 of the Civil Code is the primary source from which a complainant may hold a defendant responsible for the death of another. Then we cited sections 60 and 61 of the Code of Civil Procedure as being the ultimate expression of the Legislature in regard to actions for the death; specifically, however, in the case of Arreche we were only considering who had a right to bring the action. We cited 17 C. J. 1262, to the point that sections 60 and 61 were necessarily the ultimate expression of who the persons were who had a right to bring an action for the death of another.

"In *Maldonado* v. *Porto Rico Drug Co.*, 31 P.R.R. 709, this court awarded damages to include the element of mental suffering caused to the parent of the child who was killed. Some doubt has been thrown upon our decision in this case by reason of various decisions of the Supreme Court of the United States and of the decision of the Circuit Court of Appeals for the First Circuit in the case of *American R. R. Co. of P. R.* v. *Santiago*, 9 Fed. (2nd) 753.

" ' *       *       *       *       *       *       *       *

"In two cases in the United States District Court for Porto Rico, namely, *Torres* v. *Ponce Railway, etc., Co.,* 1 P. R. Fed. 476, and *Borrero* v. *Compañía, etc.,* 1 P. R. Fed. 144, it was held that an action for wrongful. death existed without statute under the law from Spain. Reference is made to these cases in 17 C. J. 1184, note 20.

"It is evident, then, that in Porto Rico the right- of action did not and does not depend exclusively upon sections 60 and 61 of the Code of Civil Procedure. The cause of action was not created for the first time by these sections. Given the previous state of the law in Porto Rico, let us examine these sections to see what they really do. It will immediately be noticed that these two sections are placed under the title in the Code of Civil Procedure which relates to the parties to actions. They determine the persons who may establish an action for wrongful death. They may perhaps give causes of action to persons who previously did not have them and prevent others from exercising similar actions. We find nothing in these sections to show that the Legislature thought that it was creating an action for the first time. On the contrary, the Legislature must have known of the existence of section 1803 of the Civil Code, and did not seek to repeal or impair it."

The doctrine of the *Orta* case, *supra,* was applied shortly thereafter in *Carbou* v. *Mir,* 36 P.R.R. 728, where the Court said:

"Nevertheless, taking into consideration the fact that the juridical conditions of Porto Rico were different, that sections 60 and 61 of the Code of Civil Procedure were not the original fountain for awarding damages, but sections 1803 and 1804 of the Civil Code, and that the Supreme and Circuit Courts had not as yet had an opportunity to pass on the matter in the light of the above considerations, we upheld the jurisprudence set up in the *Maldonado Case, supra.* . . ."

Thus the said provisions were harmonized, giving the character of substantive law to those of the Civil Code and of adjective law to those of the Code of Civil Procedure.

It is contended now that the Court ought to go further in its interpretation of the scope of the latter code, and after a thorough study, we believe that the appellant is right. We continue to hold that the primary source in Puerto Rico

for awarding damages caused by the wrongful act or negligence of another, or of a person who is responsible for his conduct, is to be found in sections 1803 and 1804 of the Civil Code, but we also hold that sections 60 and 61 of the Code of Civil Procedure constitute the substantive law for those cases which are not comprised in sections 1803 and 1804 of the Civil Code and which the said sections 60 and 61 cover in accordance with their provisions and the jurisprudence construing the same.

In the *Orta* case, although a claim of a father for the death of a son was involved, the claim was clearly within the provisions of sections 1803 and 1804 because the defendant was a business concern. Such is not the case here. Here the cause of action, if it exists at all, would be based only on section 60 of the Code of Civil Procedure. The provisions are not in conflict. They complement one another. In the very case of Orta, *supra,* it was said in reference to the provisions of the Code of Civil Procedure: ''They may perhaps give causes of action to persons who previously did not have them.''

The Circuit Court of Appeals for the First Circuit has decided that an action arises from section 60 of the Code of Civil Procedure. In the case of *American R. Co. of Puerto Rico* v. *Santiago,* 9 F. (2d) 753, it held:

''Where father had right to sue for death of minor son, under Code Civ. Proc. Porto Rico, par. 60, defendant's motion to dismiss complaint at close of all the evidence was properly refused, even if father failed to prove substantial damages, since he was in any event entitled to at least nominal damages.

''Under Code Civ. Proc. Porto Rico, pars. 60, 61, in action for death of minor son, court should instruct that, in determining father's pecuniary loss, jury might consider probable duration of father's life, and pecuniary benefits he might reasonably be expected to receive from son during period of common life expectancy, including money, personal attention, care, protection, and assistance, but not pain and suffering of son, or grief of father, and that nothing should be awarded as vindictive damages.''

Now, then, in applying the rule of *respondeat superior* to section 60 when automobiles are concerned, should the general jurisprudence of the continental United States or the special jurisprudence of Puerto Rico on the subject be followed? The appellee, in a brief filed when a new hearing was set to take place before a full bench, raises the question, among others, that although section 60 of the Code of Civil Procedure governs the case, the judgment of the district court should be affirmed. As a basis for his contention he cites section 17 of the Motor Vehicle Act and the case of *Candal et al.* v. *Soc. Esp. de Auxilio Mutuo*, 37 P.R.R. 811.

In the case of Candal, *supra,* this Court expressed itself as follows:

"It is true, as pointed out in *Morales* v. *Caraballo,* 27 P.R.R. 544, that section 17 of the law regulating the operation of motor vehicles, enacted shortly after the decision of this court in *Alicea* v. *Aboy, supra,* makes the owner of any motor vehicle responsible for damages caused by negligence of the operator or chauffeur while such owner is in the vehicle. But that provision is in effect an amendment of section 1804 of the Civil Code as construed by this court, and does not alter or modify in any way the construction so placed upon the section last mentioned with reference to the liability of the owner of a private automobile when not in the car at the time of the accident. Not only by the terms of section 1804 as construed by this court, but now also by an implied legislative ratification and approval of such judicial construction the owner of an automobile not used as a part of an 'enterprise,' or in connection therewith, is exempt from all civil liability for the 'fault' or negligence of his chauffeur, unless such owner be in the car at the time of the accident. But for the recent legislative limitation upon such exemption, the owner of a private car not used in connection with an 'enterprise' would still be free from all legal responsibility even though sitting beside his chauffeur at the time of an accident due to the fault or negligence of such employee while acting within the scope of his employment."

The Motor Vehicle Act contains the last expression of the will of the Legislature of Puerto Rico. It was enacted long after the Civil Code and the Code of Civil Procedure,

and if it was meant to modify section 1804 of the Civil Code in a liberal sense, there is no justifiable reason for holding that it is not applicable for modifying section 60 of the Code of Civil Procedure in a restrictive sense. That being so, the action brought by the plaintiff cannot prosper, as Celestino Andrade, the defendant, was not traveling in the automobile when the accident occurred.

There is another question raised by the appellee in said brief which, independently of the above conclusion, would perhaps also lead us to affirm the judgment in consequence of the dismissal of the appeal, and that is that the transcript does not contain the evidence that served as a basis for the judgment of the district court. The appeal has been argued on the basis of the weighing of the evidence set forth in the statement of the case and opinion on which that judgment rests, and the appellee maintains that it presented evidence regarding certain particulars such as, that Celestino Andrade did not borrow the automobile but rented it, and that the chauffeur, Reyes Ríos, who was driving it when the accident occurred, was the chauffeur of the owner of the car; evidence which was not believed by the district court, but which would have to be examined by the Supreme Court before reversing the decision appealed from. In a word, the appellees maintain that there are involved here not only questions of law but also of fact, and that the appellant has not placed the appellate court in the same position in which the lower court was when it decided the case.

The judgment appealed from must be affirmed.

Mr. Justice Aldrey concurs in the result.