[Civ. No. 10177. Second Appellate District, Division One.—January 20, 1936.]

E. G. STARR, Appellant, v. WM. J. SLANEY et al., Respondents.

312

Hill, Morgan & Bledsoe, Frankley & Spray and Monroe B. Kulberg for Appellant.

D. Joseph Coyne and Leslie K. Floyd for Respondents.

SHINN, J., *pro tem.*—Appeal from a judgment entered in favor of defendants after orders striking out plaintiff's amended complaint and sustaining demurrers thereto.

By his amended complaint, which we will call the complaint, plaintiff alleged facts which may be summarized as follows: Defendant Lucille Barry, as executrix of the estate of Adelaida Bermudes de Barry, deceased, pursuant to an order of court authorizing the same, executed to one William J. Slaney, as lessee, a certain oil and gas lease upon real property belonging to the estate. This lease, it is alleged, was taken by Slaney as agent of defendant as executrix. Thereafter Slaney, in consideration of $1500 paid to him, optioned the lease to one Lewis F. Marquis for a price of $23,500; Marquis assigned the option to plaintiff for a consideration of $2,500, notice of said assignment being given to the defendants; plaintiff thereafter paid to said Slaney the sum of $1,000 for an extension of the option. Certain heirs objected to the lease and instituted proceedings to set aside the order authorizing the same, which proceedings were subsequently dismissed. Plaintiff within the option period tendered the purchase price of the lease of $23,500, which de-

fendants refused; defendant Slaney, with the knowledge and consent of defendant Barry, sold and assigned the lease to a third party, which sale and assignment were confirmed and ratified by defendant Barry. It was also alleged that at the request of defendant Barry and upon her assurance that the lease would be assigned to him if he would do so, plaintiff employed counsel to assist in opposing the proceedings by which it was sought to set aside the lease, and in so doing incurred the expense of $1,000.

The complaint alleged and sought recovery of large damages, as the alleged value of the oil lease in question. Each of the defendants Barry and Slaney demurred to the complaint upon general grounds and upon the further ground that there was a misjoinder of parties defendant in that each said defendant was improperly joined with the other. Motions were made to strike out various portions of the complaint upon the grounds that they were irrelevant, redundant, immaterial, sham and constituted evidentiary matter, and upon the same grounds the defendants moved to strike out the entire complaint. These motions were granted in their entirety and the demurrers were sustained without leave to amend. Plaintiff appeals from the judgment which was entered in favor of defendants.

The brief of respondent is devoted entirely to a discussion of matters which it would seem were contained in the original complaint, which is not before us, and which matters do not appear in the amended complaint. Respondent advances no reason why the court should have sustained the demurrers or either of them, nor why the motions to strike out the amended complaint or the various and sundry portions thereof to which the motion was addressed, should have been granted.

In any view that may be taken of the case, the complaint alleged the payment by plaintiff and his assignor of the sum of $2,500 for an option to purchase an oil lease, the tender of the purchase price within the option period, the refusal of the defendants to assign the lease, the assignment thereof to a third party, and that plaintiff had been damaged thereby, as we have stated. The complaint was good as against the general demurrers. The special demurrers present the point that defendant Barry, as principal, and defendant Slaney, as her agent, were improperly joined as defendants. This point likewise is not mentioned in respond-

ent's brief. It is our opinion that the demurrers upon this ground were improperly sustained. Unless plaintiff and his assignor understood that they were dealing exclusively with defendant Slaney and relied exclusively upon his promises and agreements, and not upon those of his principal, the latter was liable for any recoverable damage sustained by plaintiff, and the agent having made himself a party to the contract was liable also (*Marshall* v. *Bernheim,* 64 Cal. App. 283 [221 Pac. 401]; *Feeney* v. *Clapp,* 126 Cal. App. 729 [15 Pac. (2d) 178]). While the amended complaint might have been, and probably was, uncertain in failing to allege these facts with particularity, it was not demurred to upon that ground. Both the defendants demurred upon the ground of misjoinder of parties defendant, but we think the demurrers on this ground were not sufficient to raise the question. The complaint does not show that plaintiff and his assignor understood that they were dealing exclusively with defendant Slaney. In this respect it was subject at most to the criticism of uncertainty, but it did not affirmatively show a misjoinder of parties defendant. ■ Had the complaint been defective, the demurrer should not have been sustained without leave to amend, unless it appeared that the complaint could not be amended so as to state a cause of action. (*Tann* v. *Western Pacific Ry. Co.,* 39 Cal. App. 377 [178 Pac. 971]; *Payne* v. *Baehr,* 153 Cal. 441 [95 Pac. 895]; 21 Cal. Jur. 120, 121.) Plaintiff's failure to ask leave to amend was excused by the order of the court striking out the entire complaint. It is quite obvious that the court was of the opinion that the action could not be maintained and that leave to amend would not have been granted had it been applied for.

The judgment is reversed.

Houser, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 10, 1936.