[Civ. No. 7395.   Third Dist.   Feb. 1, 1949.]

HAROLD JENSEN, Appellant, v. CITY OF MODESTO
et al., Respondents.

Nathan B. McKay for Appellant.

Francis C. Damrell and Francis W. Halley for Respondents.

PEEK, J.—Plaintiff appeals from a judgment that he take nothing by his action, which judgment was entered following an order of the trial court sustaining defendants' demurrer to plaintiff's amended complaint without leave to amend.

The complaint alleged that plaintiff was a resident, tax-

payer, and legally qualified elector of the city of Modesto, and that said city is organized and acting under a duly adopted and approved freeholders' charter which vested the powers of establishing, maintaining and operating public parks in the city council; that the said city is the owner of a park known as "Municipal Baseball Field" which was acquired by the city for the benefit of the general public, and by a duly adopted ordinance was dedicated as a municipal baseball park; that plaintiff is the manager of a baseball team known as the "Turlock Merchants" which is a member of the California State Baseball League; that defendants Harry Green and John Herman are acting for a team known as the "Modesto Reds" which is a member of the California State League; that the city of Modesto executed an agreement with Green and Herman with respect to the use of the park by Green and Herman, which agreement is incorporated by reference in the complaint and which in general provides that no team of organized baseball or which charges admission other than the Modesto Junior College, Modesto High School and the Modesto Junior American Legion baseball team may use the park without the consent of Green and Herman; that plaintiff has demanded of the city council that he be permitted to use the park but that permission to do so has been denied because of the aforesaid agreement; that the members of the city council have acted arbitrarily in withholding permission to use the park; that there is a controversy between plaintiff and defendants with respect to the validity of the agreement; that plaintiff contends that by the terms of the agreement the defendant city has attempted to rent to private persons municipal property to the exclusion of plaintiff and others who may desire to use said park, which is void by virtue of the following language of the charter of the defendant city. (Stats. 1911, pp. 1496-7, art. III, §§ 4, 11.)

"... the city of Modesto shall have the right and power ... To lease to corporations or individuals, for the purpose of maintenance and operation of any public utility owned by the city, and to provide for the lease of any lands now or hereafter owned by the city, except lands donated, purchased, acquired, or used for public parks."

The prayer of the complaint sought a declaratory judgment with respect to the validity of the agreement and a writ of mandamus compelling the defendant city to grant plaintiff permission to use the park when it is not scheduled for use by other persons or organizations.

The defendants interposed a general demurrer to the foregoing complaint and in addition demurred specifically on various grounds. The judgment which was entered after the order of the trial court sustaining the demurrer without leave to amend did not specify on what ground the demurrer was sustained.

The rule is well established that on appeal from a judgment on demurrer it must be assumed that all the facts are as alleged since the effect of the demurrer is to admit all allegations well pleaded. (*Abroms* v. *New York Life Ins. Co.*, 53 Cal.App.2d 764 [128 P.2d 391] ; *Hitson* v. *Dwyer*, 61 Cal.App. 2d 803 [143 P.2d 952] ; *Morris Plan Co.* v. *State of California*, 73 Cal.App.2d 415 [166 P.2d 627].) It is equally well established that when a complaint is good against a general demurrer, it is error to sustain a special demurrer without leave to amend. (*Columbia Pictures Corp.* v. *DeToth*, 26 Cal. 2d 753 [161 P.2d 217, 162 A.L.R. 747] ; *Zakaessian* v. *Zakaessian*, 70 Cal.App.2d 721 [161 P.2d 677].)

Applying these rules to the present case it is readily apparent that since the defendants' demurrer admits the leasing of a public park by the defendant city to the defendants Green and Herman, which is prohibited by said charter as set forth in the complaint, a cause of action has been stated. Therefore as the complaint is good against a general demurrer, necessitating its remand on that ground, it becomes unnecessary to consider the merits of the grounds of the special demurrer.

The judgment is reversed and the cause is remanded to the trial court with instructions to enter its order overruling the demurrer of the defendants to the complaint as a whole.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied March 2, 1949.