[Civ. No. 7790.   Third Dist.   Sept. 1, 1950.]

JOHN W. KAUFFMAN et al., Appellants, v. BOBO & WOOD (a Copartnership) et al., Respondents.

Chadeayne & Wilkinson for Appellants.

Popper & Burnstein for Respondents.

ADAMS, P. J.—On this appeal the sufficiency of the third cause of action contained in plaintiffs' second amended complaint is alone involved. To that count the trial court sustained a demurrer, on both general and special grounds, without leave to amend. The only question presented here is whether or not the said court erred.

It is well established that a general demurrer must be overruled if, on any theory, it states a cause of action (*Lord* v. *Garland,* 27 Cal.2d 840, 853 [168 P.2d 5]; *Johnson* v. *Clark,* 7 Cal.2d 529, 536 [61 P.2d 767]); and that it shall not be sustained without leave to amend if it is subject to amendment to state a cause of action (*People* v. *Turlock Home Tel. & Tel. Co.,* 200 Cal. 546, 550 [253 P. 1108]; *Finch* v. *McKee,* 18 Cal.App.2d 90, 95 [62 P.2d 1380]; *Starr* v. *Slaney,* 11 Cal.App.2d 311, 314 [53 P.2d 395]; *Tann* v. *Western Pac. Ry. Co.,* 39 Cal.App. 377, 381 [178 P. 971]); and that it is error to sustain a special demurrer without leave to amend if a cause of action is stated or can be stated (*Guilliams* v. *Hollywood Hospital,* 18 Cal.2d 97, 104 [114 P.2d 1]; *Columbia Pictures Corp.* v. *DeToth,* 26 Cal. 2d 753, 762 [161 P.2d 217, 162 A.L.R. 747]; *Olivera* v. *Grace,* 19 Cal.2d 570, 579 [122 P.2d 564, 140 A.L.R. 1328]; *Wennerholm* v. *Stanford Univ. School of Medicine,* 20 Cal.2d 713, 719 [128 P.2d 522, 141 A.L.R. 1358]; *Jensen* v. *City of Modesto,* 89 Cal.App.2d 835, 837 [202 P.2d 332]; *Kraft* v. *Smith,* 24 Cal.2d 124, 132 [148 P.2d 23]).

Also pleadings and amendments thereto should be allowed and construed liberally with the object of affording every litigant his day in court and to render substantial justice between the parties. (*Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34, 42 [172 P.2d 867]; *Buxbom* v. *Smith,* 23 Cal.2d 535, 542 [145 P.2d 305]; *Jackson* v. *Pacific Gas & Elec. Co.,* 95 Cal.App.2d 204, 208 [212 P.2d 591].)

If a complaint is good as against a general demurrer, a trial court may in its discretion require the clarification of uncertainties or ambiguities therein. (*Columbia Pictures Corp.* v. *DeToth, supra; Guilliams* v. *Hollywood Hospital, supra.*)

Also it is elementary that on appeal from a judgment on demurrer it must be assumed that all the facts are as alleged since the filing of the demurrer constitutes an admission that all allegations well pleaded are true. (*Jensen* v. *City of Modesto, supra*, at p. 837, and cases there cited.)

Plaintiffs' prayer was for the sum of $80,000 and for general relief, it being alleged that plaintiffs suffered loss to that extent by reason of fraudulent promises and acts on the part of defendants. Defendants assert in their brief that the fraud alleged by plaintiffs consists only of promises made by defendants to perform acts in the future which, when not fulfilled, are not actionable unless made without any intent, at the time same were made, to perform same.

The third cause of action alleged: That defendants were copartners, operating certain food and novelty sales concessions in various Greyhound Bus depots in California and were administrative and supervisorial employees of Pacific Greyhound Lines, Inc.; that plaintiffs had been operating a hotel and restaurant in Colfax, California, where they also acted as ticket sales agent for Greyhound on a commission basis; that a new bus depot was to be built in Tracy, California, and that defendants entered into a fraudulent and corrupt conspiracy and agreement to acquire ownership and control of the restaurant business and ticket agency to be established in that depot, by persuading plaintiffs to give up their Colfax business and come to Tracy to operate the restaurant and ticket agency, whereupon defendants, by means of economic pressure and their position of authority with the Greyhound Lines would force plaintiffs out of the business and that defendants would then acquire said business for no or only nominal consideration; that defendants' fraudulent conspiracy was effectuated by having defendant Wood approach plaintiffs and represent to them that he would help them get the Tracy station, and that he would also put up one-half of the money needed, but as a silent partner so that Greyhound Company would not know of defendant Wood's connection with the business; that plaintiffs relied on defendant Wood's representations, sold their Colfax business, and went into the Tracy operation; that while plaintiffs were expending large sums of money (cash and debts) totaling about $60,000, they

continually called on defendant Wood to put up his share and he finally contributed a total of only $8,500; that this put plaintiffs in a precarious financial position, so as to be subject to the aforementioned economic pressures; that plaintiffs were not aware of defendant Bobo's connection as defendant Wood's partner until about the time they opened the Tracy business in October, 1946; that in January, 1947, plaintiffs were informed that the $8,500 which Wood had provided was not money belonging to defendants, but came from a corporation—Swiss Maid—and had to be repaid to that corporation; that defendants then represented and promised plaintiffs that if plaintiffs would pay back the $8,500 to Swiss Maid, plus $1,500 more to pacify the stockholders of Swiss Maid, defendants would pay their full share into the business shortly and would help plaintiffs to borrow enough money to pay off the business debts; that defendants would also acquire certain real property to be rented to plaintiffs as parking space, and would also convey to plaintiffs an undivided one-third interest in food and novelty concessions in Greyhound depots at Merced, Madera and Fresno; that plaintiffs thereupon paid $6,000 in cash and made a note for $4,000; that defendants made only a very slight token compliance (detailed in the complaint) with these latest promises; that defendants did not even have any interest in the concessions at Madera, Merced and Fresno; that finally, in further pursuance of their fraudulent and corrupt conspiracy to cheat and defraud plaintiffs, defendants proposed an agreement which would settle and adjust the rights of all the parties in all the properties and businesses heretofore involved, which provisions were that the defendants would purchase the Tracy business from the plaintiffs for a sum equal to the cost thereof to plaintiffs; that plaintiff John W. Kauffman be retained as manager of the business at a salary of $400 per month until defendants had paid the entire amount of the purchase price, at which time the parties would enter into an agreement of partnership whereby defendants would own two-thirds of the business and plaintiffs would own one-third; that defendants asserted that if plaintiffs did not agree to the settlement proposed by defendants, said defendants would, by virtue of their position of authority with Greyhound Company cause Greyhound to cancel plaintiffs' "franchise" for the Tracy depot; that plaintiffs were thereby forced to submit to defendants' fraudulent duress and signed the agreement proposed by defendants; but that defendants

neglected and refused to perform their part of the agreement and prevented and thwarted plaintiff John W. Kauffman from acting as manager, but have had him doing very menial chores as laborer, janitor, etc., all directed towards forcing him to breach the sale agreement and suffer the forfeitures therein provided; that all of defendants' acts were done pursuant to a fraudulent conspiracy to cheat and defraud plaintiffs, and that the promises when made, were made with no intention of keeping them, but for the purpose of putting plaintiffs into a position where defendants could squeeze them out.

The essential averments necessary to a cause of action for fraud are set forth in 12 California Jurisprudence 806 et sequitur, section 64, as follows:

"The pleadings must, of course, show the fraudulent representations; that they were known by the defendant to be false or were made under circumstances not warranted by his knowledge; that they were actually false; that they were made with intent to deceive the plaintiff, or with intent to induce him to enter into the transaction; that the plaintiff relied upon the representations, believing them to be true; and that he was injured."

We think that these averments are all made in plaintiffs' complaint. It is definitely alleged that defendants made promises which were made without intention to perform them; and, under sections 1710 and 1572 of the Civil Code, this constitutes actionable fraud. Also see *Union Flower Market, Ltd.* v. *Southern Cal. Flower Market, Inc.,* 10 Cal.2d 671, 676 [76 P.2d 503]; *Bedell Engineering Co.* v. *Rouse,* 57 Cal.App. 2d 734 [135 P.2d 404]; *Scafidi* v. *Western Loan & Bldg. Co.,* 72 Cal.App.2d 550 [165 P.2d 260]; *Wilson* v. *Regali & Veselich;* 138 Cal.App. 760 [33 P.2d 455]; Prosser on Torts, 764, section 89; Restatement of Torts, sections 530, 544.

Respondents in their brief do not deny the existence of the foregoing rule of law, but ignore the allegations of the complaint that when defendants made the various alleged promises they had no intention of keeping them; they urge, only, that the promises as alleged were only for future action, and failure to keep them did not constitute actionable fraud; and they assert that the mere fact of failure or refusal to perform does not raise an inference of an intent at the time promises were made, not to perform them. They also assert that some of the promises were kept. We need not pass upon the principles of law there asserted, since we are satisfied that plaintiffs did allege the making of promises not kept, which defendants

did not, *at the time they were made,* intend to keep; that they allege a good cause of action for damages based on the causing of plaintiffs to transfer their property in reliance upon such promises, and through duress and compulsion, and on defendants' purchasing the Tracy property with the preconceived intention not to pay for it; that defendants' acts, alleged as a series of acts committed in the execution of a scheme and conspiracy to defraud, which conspiracy plaintiffs alleged was entered into between Bobo and Wood, on or about December 1, 1945, and before or at the time they began their negotiations with plaintiffs, gave rise to a cause of action; and, as for the special demurrer, if same was in any respect well founded, the trial court, in its discretion, could and should have required a clarification of uncertainties or ambiguities appearing.

Respondents, in opposition to appellants' claim for relief, assert that the latter, in their petition alleged an existing partnership, but made no showing that same had been dissolved and an accounting had; and that, such partnership existing, their action could not be sustained since such an action by one partner against the other is not permissible.

The answer to this contention appears to be, not that the principle of law is wrong, but that the petition does not allege the actual coming into existence of a partnership, but the promise on the part of respondents that it would be effected and a failure on their part to perform their part of the agreement to create such a partnership. In short, we do not find in the petition any allegation that a partnership actually ever was established.

Assuming the truth of the allegations of the complaint filed by appellants, we cannot say that it does not state a cause of action. Certainly it cannot be said that if it fails in any respect, it cannot be amended to state a cause of action. And as for the allegations of the demurrer as to uncertainties and ambiguities the trial court should, if the demurrer on that ground be meritorious, require the clarification of the complaint by appropriate amendments, to the end that petitioners have their day in court as to the merits of their complaint.

The judgment is reversed with directions to the trial court to reverse its order insofar as it denies plaintiffs leave to amend their third cause of action, and to grant leave to amend on such terms as it may direct in the exercise of its discretion.

Peek, J., and Van Dyke, J., concurred.