[Civ. No. 19571.   First Dist., Div. Two.   July 31, 1961.]

LONDON ASSURANCE COMPANY (a Corporation) et al., Appellants, v. OSCAR T. ANDERSON, JR., et al., Defendants; FLOYD L. OSBORN, Respondent.

Augustus Castro for Appellants.

Robert C. Burnstein and Marvin B. Starr for Respondent.

McCABE, J. pro tem.*—From a judgment entered following the sustaining of a general demurrer without leave to amend, plaintiffs appeal.

By their complaint, plaintiffs, consisting of several insurance companies, seek declaratory relief against the defendants, including one Osborn. Plaintiffs at the request of "defendants" issued fire insurance policies totaling $125,000 to defendant Anderson, as the named insured, insuring him against loss and damage by fire to a stock of tires with loss, if any, payable to defendants, Lange and Stoll. Allegedly, a fire was wilfully set by "defendants" which damaged the tires. Several months after the fire, defendant Anderson filed sworn statements in proof of loss to the total amount of the policies. By their pleadings, it is plaintiffs' position that with knowledge of the fact the plaintiffs would not issue a policy of insurance to defendant Osborn, defendants entered into a conspiracy whereby Osborn's ownership of the tires was concealed from plaintiffs, thereby causing them to issue the policies as they did and had they known these facts, they would not have issued the policies. It is claimed by plaintiffs that defendant Osborn owns the tires and was entitled to the possession of the tires at the time the policies were issued and also at the time of the fire and, therefore, had an insurable interest in the tires. The statements of proof of loss submitted by defendant Anderson were false, since, among numerous other things, the true ownership of the tires in defendant Osborn was not disclosed. Plaintiffs contend defendants Smith (one individual and a corporation named Smith) were agents of defendant Osborn and other defendants in procuring the issuance of the policies and in all the activities of defendants.

*Assigned by Chairman of Judicial Council.

It is alleged the defendants sought to defraud plaintiffs by their wilful misrepresentations and, further, "defendants" caused the tires to be burned and caused a false proof of loss to be filed with plaintiffs. Certain specific provisions of the policies were set forth in the complaint.

To this complaint, defendant Osborn demurred generally. This was sustained without leave to amend.

Since the allegations of the complaint are to be taken as true (*Carlson* v. *Lindauer,* 119 Cal.App.2d 292 [259 P.2d 925]), we must examine them to determine whether as to defendant Osborn a declaratory relief action lies.

Section 1060, Code of Civil Procedure, provides: "Any person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract. He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and such declaration shall have the force of a final judgment. Such declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought."

From the facts before this court, it appears that as to defendant Osborn, the demurring party, plaintiffs have not shown a justiciable controversy exists on any relief sought except as to indemnification. Any issue as to the conspiracy in obtaining the policies, the attempt to defraud the plaintiffs, the false statements of proof of loss, does not involve plaintiffs and defendant Osborn insofar as any relief is concerned in this action. The result flowing from the controversy between plaintiffs and the remaining defendants would be such as not to bring defendant Osborn into the action except as a witness. The mere fact that defendant Osborn might receive some of the proceeds of a recovery or might leave the state, thus being unavailable as a witness, does not cause this court to hold he is an indispensable or a conditionally necessary party to the proceedings (Code Civ. Proc., § 389).

However, this does not mean that defendant Osborn can be

removed entirely from these proceedings. Plaintiffs have alleged the "defendants" wilfully set fire to the tires. It goes without comment that when the plural form is used, it would encompass all of those within the class. Osborn is a named defendant, therefore, it follows he is one of the persons who allegedly set the fire and destroyed or damaged the insured tires covered by the policies issued by plaintiffs. The issue of possible indemnification would be a justiciable controversy involving the plaintiffs and defendant Osborn concerning legal relations and rights arising out of the insurance policy.

Although the allegations of the complaint on indemnification are not clearly or exactly set forth, there can be no doubt from a reading of the entire complaint that plaintiffs could plead sufficient facts to include this issue in an amended complaint. At this posture of the case, it is of no consequence as to what the proof may be at the trial.

It is not necessary to have the policies of insurance before us to determine as is stated in Richards on Insurance, 5th edition, volume 3, section 560, pages 1881-1882: "Subrogation is not dependent upon the terms of the insurance contract nor statutory enactment, for even where the insurance contract is silent regarding the insurer's right of subrogation, equity would declare the right to exist in order to preclude the insured from recovering from both the insurer and the third party who caused the damage . . ."

Without enumerating all of the various possible issues which the court could find upon and without setting forth the varied results which could flow from the findings, at least one of the findings might be that plaintiffs were liable to pay under the terms of their policies and that defendant Osborn wilfully set the fire causing the damage to the insured property. Should this be one of the determinations obviously plaintiffs would have a subrogated right against defendant Osborn. Defendant Osborn's position on this point is that should this prove to be true (which of course he does not admit), plaintiffs could then bring a later independent action against him. By his position, defendant Osborn is stating that plaintiffs have another remedy available to them should the court's findings cause a result contrary to plaintiffs' interests as to liability under this policy. This contention is probably true but by so conceding, the question as to whether or not it properly can be disposed of in the declaratory relief action is not satisfied.

It was aptly said by Chief Justice Gibson in *Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, at page 732 [146 P.2d 673, 151 A.L.R. 1062] : ". . . While some authorities limit a trial court's discretion to refuse to make a declaration on the ground that other remedies are available to cases where special statutory proceedings have been provided for the particular type of case or where other remedies would afford more effective relief (see Borchard, Declaratory Judgments, pp. 302-303, 325-331, 375 ; Anderson, Declaratory Judgments, pp. 521, 530 ; *cf. Communist Party* v. *Peek*, 20 Cal.2d 536 [127 P.2d 889] ), all agree that before a court may properly exercise its discretion to refuse relief on that ground, it must clearly appear that the asserted alternative remedies are available to the plaintiff and that they are speedy and adequate or as well suited to the plaintiff's needs as declaratory relief. (See *Ermolieff* v. *R.K.O. Radio Pictures*, 19 Cal.2d 543, 549 [122 P.2d 3] ; *Henderson* v. *Oroville-Wyandotte Irr. Dist.*, 207 Cal. 215, 216 [277 P. 487] ; *Welfare Investment Co.* v. *Stowell*, 132 Cal.App. 275, 278 [22 P.2d 529] ; Borchard, Declaratory Judgments, p. 293 et seq.) ' '

If the plaintiffs in an amended complaint more particularly describe the relation of defendant Osborn to the activities of the other defendants and the fire, the evidence adduced at the trial would be very little different or additional to that if defendant Osborn were presently excluded from the declaratory relief action. If he remains as a party to the action and the evidence sustains plaintiffs' position, the court, within the declaratory relief action, could find a subrogated right and adjudge indemnification against Osborn. The remedy of declaratory relief sought by plaintiffs then becomes a useful, speedy and adequate remedy so fervidly desired in the processing of legal matters.

Under section 1060, Code of Civil Procedure, it is not necessary for the breach of the obligation to be established before it may be included in a declaratory relief action when the declaratory relief action is properly brought in the first instance (*Sattinger* v. *Newbauer*, 123 Cal.App.2d 365 [266 P.2d 586] ).

The complaint is not carefully drawn. However, from the allegations of the complaint as filed and from the allegations of an amended complaint which plaintiffs sought to file upon a motion made after the ruling on the demurrer, it is clear that a cause of action can be alleged against defendant Osborn.

Where a complaint is indefinitely or defectively

drawn but reflects that plaintiff has a cause of action and his complaint is subject to an amendment, a general demurrer should not be sustained without leave to amend (*Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34 [172 P.2d 867]; *Kauffman* v. *Bobo & Wood*, 99 Cal.App.2d 322 [221 P.2d 750]; *Roberts* v. *Wachter*, 104 Cal.App.2d 281 [231 P.2d 540]; *Campbell* v. *Veith*, 121 Cal.App.2d 729 [264 P.2d 141]).

■ Additionally, defendant objects to allowing plaintiffs to amend their complaint contending that if allowed to do so, plaintiffs will seek to introduce a new and different cause of action seeking indemnification. The complaint in its present form seeks a declaration of the various possible legal rights of all parties to it including indemnification. The mere fact defendant Osborn is not interested or affected by all relief sought does not release him from the lawsuit (*Lawler* v. *Gleason*, 130 Cal.App.2d 390 [279 P.2d 70]). Plaintiffs do not seek any different relief from that pleaded but do ask for a leave to amend the pleading which has weakness in draftsmanship but is not devoid of a cause of action. This they should be allowed to do (*Cruise* v. *City & County of San Francisco*, 101 Cal.App.2d 558 [225 P.2d 988]; *Kauffman* v. *Bobo & Wood, supra; King* v. *Mortimer*, 83 Cal.App.2d 153 [188 P.2d 502]).

Under the statutory provisions of section 473, Code of Civil Procedure, a party may be allowed to amend his pleadings by adding or striking the name of a party or, upon such terms as may be just, the court may allow a party to amend in other particulars. A liberal construction has been given to this provision in furtherance of justice (*Klopstock* v. *Superior Court*, 17 Cal.2d 13, 19 [108 P.2d 906, 135 A.L.R. 318]; *Rabe* v. *Western Union Tel. Co.*, 198 Cal. 290 [244 P. 1077]). In the *Klopstock* case, the court at pages 19 and 20 said, "... This position is clearly in accord with the modern theories of code pleading, which would permit amendment in the discretion of the court unless an attempt is made to present an entirely different set of facts by way of the amendment. (Clark, Code Pleading, p. 514.) Nor is this liberal policy of permitting amendments in furtherance of justice any different merely because a general demurrer for failure to state a cause of action has been sustained. 'For the most common kinds of amendments are those in which complaints are amended that do not state facts sufficient to constitute a cause of action.' (*Frost* v. *Witter, supra* [132 Cal. 421 (64 P. 705, 84 Am.St.Rep. 53)],

p. 425; *Dixon* v. *Cardoza, supra* [106 Cal. 506 (39 P. 857)]; *People* v. *Haggin, supra* [57 Cal. 579], p. 583.)''

In sustaining the demurrer without leave to amend, the trial court abused its discretion.

Judgment reversed, with directions to allow plaintiffs to file, within a reasonable time, as fixed by the court, an amended complaint as to defendant Osborn.

Draper, Acting P. J., and Shoemaker, J., concurred.